**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Case No. 15-cv-2546-RM-MEH

SONNY P. MEDINA,

Plaintiff,

v.

CLOVIS ONCOLOGY, INC.,
PATRICK J. MAHAFFY,

Defendants.

---

**OPINION AND ORDER**

---

Pending before the Court are various motions for consolidation and for appointment of lead plaintiff and lead counsel filed by: (1) Vikram B. Kothari, Barbara Fayeulle-Frey, and Suzanne J. Real (collectively, "the Clovis Investor Group") (ECF Nos. 10-13); (2) the Laborers' District Council and Contractors' Pension Fund of Ohio and the Employees' Retirement System of the City of St. Petersburg, Florida (collectively, "the Pension Fund Group") (ECF No. 14); (3) Nail Koymen, Karl Showrai, and Thomas Jankowski (collectively, "the KSJ Group") (ECF No. 15); (4) John Brian Moran ("Moran") (ECF No. 16); (5) Todd Rinaldi and Myo Thant (collectively, "the RT Group") (ECF No. 17); and (6) M.Arkin (1999) LTD and Arkin Communications LTD (collectively, "the Arkin Group," and along with the Clovis Investor Group, the Pension Fund Group, the KSJ Group, Moran, and the RT Group, "the Moving Parties") (ECF No. 18).

The Moving Parties seek consolidation of this case with two other cases brought in this District: (1) *Steven Kimbro v. Clovis Oncology, Inc., Patrick J. Mahaffy, Erle T. Mast*, 15-cv-02547-RBJ ("the Kimbro Action"); and (2) *Ralph P. Rocco v. Clovis Oncology, Inc., Patrick J. Mahaffy, Erle T. Mast*, 15-cv-02697-CBS ("the Rocco Action"). Because the instant case is the lowest numbered case, this Court is the one to decide the pending motions for consolidation. D.C. Colo. L.Civ.R. 42.1.

## I. Procedural Background

On November 19, 2015, plaintiff Sonny P. Medina ("Medina") filed a Class Action Complaint ("the initial complaint") against defendants Clovis Oncology, Inc. ("Clovis") and Patrick J. Mahaffy ("Mahaffy"), alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) & 78t(a), and Rule 10b-5 promulgated by the Securities and Exchange Commission, 17 C.F.R. § 240.10b-5 ("Rule 10b-5").

The initial complaint alleges the following. Since May 19, 2014, Clovis and certain of its current and former officers and directors materially misrepresented the nature and significance of data collected from clinical trials for a lung cancer treatment drug known as CO-1686 or "rociletnib." (ECF No. 1 at ¶ 2.) On November 16, 2015, Clovis issued a press release disclosing that the U.S. Food and Drug Administration had requested additional clinical data regarding rociletnib because Clovis had submitted a New Drug Application and Breakthrough Therapy designation for rociletnib that contained immature data sets. (*Id*. at ¶ 3.) As a result of this press release, the trading price of Clovis' common stock dropped from $99.43 per share on November 13, 2015 to $30.24 per share on November 16, 2015—a loss of approximately $2.17 billion in market capitalization. (*Id*. at ¶ 4.)

Pursuant to the Private Securities Litigation Reform Act ("the PSLRA"), the filing of the initial complaint triggered Medina's responsibility to have published a notice advising members of the purported plaintiff class of the pendency of this action, the claims asserted, the purported class period, and that, not later than 60 days after the publishing of the notice, any member may move to serve as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A). Medina's attorneys caused a notice to be published on November 20, 2015 (ECF Nos. 15-2, 16-4, 17-4), and, subsequently, the Moving Parties each filed the motions described *supra* on January 19, 2016.

Since that time, the landscape has altered. Beginning on January 22, 2016, all of the Moving Parties, but for the Arkin Group, have expressed their belief that they are not the group with the largest financial interest in the relief sought in this case, and, if the Court finds a competing movant to be a typical and adequate member of the purported class, their non-opposition to that movant being appointed lead plaintiff. (*See* ECF No. 25 (the KSJ Group), ECF No. 29 (the Clovis Investor Group), ECF No. 31 (the RT Group), ECF No. 34 (the Pension Fund Group), ECF No. 36 (Moran)). The Arkin Group has meanwhile filed a Memorandum of Law in support of their motion for consolidation, and appointment of lead plaintiff and lead counsel. (ECF No. 38.)

## II. Discussion

### A. Consolidation

Pursuant to Fed.R.Civ.P. 42(a) ("Rule 42(a)"), actions which involve "a common question of law or fact" may be consolidated. Whether to consolidate is vested in the broad discretion of the district court. *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978).

Here, all of the Moving Parties have moved for consolidation of this case. (*See* ECF Nos. 11, 14-18.) Moreover, defendants Clovis and Mahaffy have not opposed consolidation. Rather, in the

Kimbro Action, Clovis and Mahaffy filed a Notice of Related Case in which they informed that a related case had been filed in the U.S. District Court for the Northern District of California, captioned as *Moran v. Clovis Oncology, Inc., Patrick J. Mahaffy, Erle T. Mast*, 15-cv-05323-RS ("the Moran Action"). (Case No. 15-cv-02547-RBJ, ECF No. 16 at 2.) Clovis and Mahaffy asserted that the Moran Action should be consolidated with the related cases filed in this District, and attached a pleading from the Moran Action. (*See id*., ECF No. 16-1.) Based on the Court's review of that pleading, it appears clear that Clovis and Mahaffy do not oppose, and likely support, consolidation in this District. (*See* ECF No. 16-1 at 3.)

In addition to the parties' apparent unanimity in consolidating the cases in this District, the Court also finds that they involve common questions of law and fact, and thus, should be consolidated under Rule 42(a). Specifically, all of the cases are based on the same alleged facts that Clovis and its officers and directors made false or misleading statements with respect to rociletnib, and the false or misleading nature of these statements came to public light on November 16, 2015, causing a significant drop in the value of Clovis' common stock. Next, the named-defendants in all but one respect are the same. In this case, Medina only named Clovis and Mahaffy as defendants, while in the other two cases a third defendant, Erle T. Mast ("Mast"), was also named. This does not affect the Court's analysis, as Mahaffy and Mast are both alleged to be officers of Clovis and liable for the same reasons. Finally, the complaints all seek relief pursuant to the same securities laws and/or regulations, notably, Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5.

With this in mind, the Court GRANTS the motions for consolidation. As a result, pursuant to D.C. Colo. L.Civ.R. 42.1, the Kimbro Action (Case No. 15-cv-02547-RBJ) and the Rocco Action (Case No. 15-cv-02697-CBS) shall be consolidated with the instant case, and the cases will be

collectively assigned to this Court. There is one final issue. As mentioned *supra*, there is a fourth case that may be related to the ones filed in this District: the Moran Action. That case was filed in the Northern District of California. Based on the Court's review of that case's docket, it appears that the Arkin Group have filed a motion to transfer the Moran Action to this District ("the transfer motion"). (Case No. 3:15-cv-05323-RS (N.D. Cal.), ECF No. 27.) The transfer motion is pending resolution in the district court, with a motion hearing set for March 10, 2016. (*See id.*) As a result, for the avoidance of doubt, the Court's decision to consolidate the cases in this District does not encompass the Moran Action. Any decision with respect to the Moran Action will not take place, if at all, until resolution of the transfer motion in the Northern District of California.

**B. Appointment of Lead Plaintiff**

The PSLRA directs a court to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(I). The PSLRA establishes a rebuttable presumption that the "most adequate plaintiff" is a person or group of persons that (1) either filed the complaint or made a motion in response to a notice, (2) has the largest financial interest in the relief sought, and (3) otherwise satisfies the requirements of Fed.R.Civ.P. 23 ("Rule 23"). *Id.* § 78u-4(a)(3)(B)(iii)(I). Only Rule 23's typicality and adequacy requirements are pertinent for determining a lead plaintiff. *Wolfe v. AspenBio Pharm., Inc.*, 275 F.R.D. 625, 627-28 (D. Colo. 2011). Typicality refers to the moving party's claims or defenses being typical of the claims or defenses of the purported class. Fed.R.Civ.P. 23(a)(3). Adequacy looks at two issues: (1) whether the lead plaintiffs and their counsel have any conflicts of interest with other class members, and (2) whether the lead plaintiffs and their counsel will prosecute the action vigorously on behalf of the

purported class. *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1187-88 (10th Cir. 2002). Once established, the PSLRA's rebuttable presumption can only be rebutted "upon proof by a member of the purported plaintiff class" that the presumptive lead plaintiff will not fairly and adequately protect the interests of the class, and is subject to unique defenses. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As discussed *supra*, the Moving Parties appear resolved on the lead plaintiff in this case. Of the six groups that originally moved for lead plaintiff status, the only one that has not notified the Court of its non-opposition is the Arkin Group. (ECF Nos. 25, 29, 31, 34, 36.) Thus, the Court will start its analysis with the Arkin Group.[1] First, based upon the exhibits filed with the Court, the Arkin Group clearly has the largest financial interest in the relief sought. The Arkin Group alleges that it has sustained losses of approximately $13.4 million due to their investments in Clovis securities. This figure has not been challenged by any of the other Moving Parties, and, in any event, it is significantly greater than the next nearest loss allegedly suffered.[2]

Second, the Arkin Group satisfies the typicality and adequacy requirements of Rule 23. With respect to typicality, the Arkin Group's claims, like those of the other Moving Parties, are typical of the wider class: namely, defendant Clovis and its officers and directors allegedly issued false or misleading statements that inflated Clovis' share price and, when the falsity or misleading nature of

---

[1] There is one other party that could have been considered as a lead plaintiff: Medina, the party that filed the initial complaint. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(aa). Although in the initial complaint, Medina appears to assert that he would be willing to serve as a "representative party" on behalf of the purported class (ECF No. 1-1 at ¶ 3), the Court is not aware of Medina having stated his financial interest in the relief sought. (*See generally* ECF Nos. 1, 1-1.) Thus, the Court has not considered Medina as a potential candidate for lead plaintiff in this case.

[2] The next nearest alleged loss was that suffered by the RT Group at approximately $2.1 million. (ECF No. 17 at 13.)

these statements was revealed, caused damages. Although the Arkin Group may have held securities that other members of the class did not, such as options (*see* ECF No. 18-3 at 2-7), the losses allegedly incurred on those securities are still premised on the same factual allegations and legal theories. *See Goldstein v. Puda Coal, Inc.*, 827 F. Supp. 2d 348, 355 (S.D.N.Y. 2011) (dismissing an argument that a party, who sold options in the defendant's stock, could not act as lead plaintiff because the party also traded in common stock and the injuries of the class arose out of the same alleged wrongful conduct). Turning to adequacy, there is nothing on the record before the Court that either the Arkin Group or its counsel suffer from any conflicts of interest with other class members. Next, given that the Arkin Group has by far the largest alleged financial loss in this case, there is no reason to believe that the Arkin Group and its counsel will not vigorously prosecute this action. *See A.F.I.K. Holding SPRL v. Fass*, 216 F.R.D. 567, 573 (D.N.J. 2003) ("As the class member with the largest loss, [the investor group] has at least as much incentive as the other class members to pursue a recovery vigorously.").

Thus, the Court finds that, having the largest financial interest amongst the Moving Parties and having met Rule 23's requirements of typicality and adequacy for lead-plaintiff purposes, the Arkin Group is the presumptive lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In addition, neither the other Moving Parties nor any other class member has presented any evidence to rebut the presumption in favor of the Arkin Group. As a result, the Arkin Group shall serve as lead plaintiff in this consolidated action. *See id.* § 78u-4(a)(3)(B)(iii)(II).

**C. Appointment of Lead Counsel**

The PSLRA states simply that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). As

such, approval of lead counsel is a matter within the discretion of the Court. *In re Nice Sys. Sec. Litig.*, 188 F.R.D. 206, 221 (D.N.J. 1999).

Here, the Arkin Group seeks appointment of Bernstein Litowitz Berger & Grossman LLP ("BLBG") as lead counsel. (ECF No. 18 at 12-13.) The Arkin Group also states that it has selected Wheeler Trigg O'Donnell LLP ("WTO"), a local law firm, to serve as "liaison counsel." (*Id.* at 13.) From this, the Court cannot discern whether the Arkin Group is actually seeking Court approval of WTO as liaison counsel. However, from the language used in the Arkin Group's motion for appointment of lead counsel and in their proposed order appointing lead counsel, it would appear that the Arkin Group is not, as in neither document does the Arkin Group expressly request such relief. (*See* ECF No. 18 at 13 ("the Court should approve [the Arkin Group's] selection of [BLBG] as Lead Counsel for the Class."); ECF No. 18-7 at 2 ("[The Arkin Group's] selection of Lead Counsel is APPROVED, and [BLBG] is APPOINTED as Lead Counsel for the Class.")).

The Arkin Group provides no support, though, for its decision to select counsel without the Court's approval under the PSLRA. Nor can the Court infer independently that the PSLRA provides any such authority, given that it expressly states that selection and retention of counsel is subject to court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). A further problem with the Arkin Group's motion for appointment of lead counsel is that it completely fails to delineate the duties that BLBG and WTO will perform in this action. (*See generally* ECF No. 18 at 12-13.) Instead, the motion merely sets forth the past experience of the two law firms in class action and securities litigation. (*See id.*) This is undoubtedly helpful for the purpose of showing that the law firms may have sufficient experience to handle the legal issues in this case, but it does not help the Court in determining whether the appointment of a second counsel is necessary, especially when the motion

states that BLBG is "among the preeminent securities class action law firms in the country." (*See* ECF No. 18 at 12.)

In light of the above, the Court will approve and appoint BLBG as lead counsel in this action, but will prohibit the Arkin Group from retaining WTO as liaison counsel. With respect to BLBG, in light of the assertions in the Arkin Group's motion for appointment of lead counsel and in BLBG's resume (ECF No. 18 at 12-13; ECF No. 18-6 at 10-14), the Court finds that BLBG has extensive experience in securities class action litigation and is thus capable of representing the purported class in this action. As for WTO, the Court agrees with the analysis in *In re Nice Sys.* In that case, the district court was asked to approve lead counsel and liaison counsel. *In re Nice Sys.*, 188 F.R.D. at 223. The district court noted that the proposed lead plaintiff failed to set forth the duties or functions of either the proposed lead or liaison firms, but approved the selection of a law firm as lead counsel with "significant experience in the litigation of securities class actions." *Id.* The district court declined to approve the selection of liaison counsel, noting that such counsel usually perform local procedural and administrative matters, and finding that there was "nothing to suggest [lead counsel] would not be capable of handling the administrative tasks presented by the litigation of the instant matter." *Id.* at 223-224. The district court did, however, allow lead counsel to "distribute non-duplicative work assignments to non-lead counsel so as to facilitate the orderly and efficient prosecution of the instant action." *Id.*

The Court finds that the same course of action is appropriate here. As noted *supra*, the Arkin Group has provided the Court with no indication of the duties that WTO will carry out. Given that the Arkin Group uses the appellation "liaison counsel" to describe WTO's role, the Court assumes that their duties will be similar to liaison counsel in other cases; namely, local procedural and

administrative tasks. *See id*. at 223-224. As in *In re Nice Sys.*, there is nothing to suggest here that a law firm with BLBG's extensive experience cannot handle the administrative tasks that may arise in this case. *See id*. at 224. Therefore, the Court sees "no compelling reason" to appoint WTO as liaison counsel.[3] *See id*. Nonetheless, as the district court noted in *In re Nice Sys.*, BLBG may, in its capacity as lead counsel, distribute ***non-duplicative*** work assignments to non-lead counsel so as to facilitate the orderly and efficient prosecution of the instant action. *See id*.

### D. Procedural Matters Going Forward

On February 11, 2016, defendants Clovis and Mahaffy filed a Motion for Extension to File Responsive Pleading. (ECF No. 39.) The Court referred that motion to U.S. Magistrate Judge Michael E. Hegarty, who granted it in part and denied it in part to the extent that the deadline to file a responsive pleading was stayed until a March 3, 2016 status conference. (ECF Nos. 40, 41.) In light of the Court's rulings in this Order, the referral of the Motion for Extension to File Responsive Pleading is WITHDRAWN, and the motion is GRANTED to the extent that the Arkin Group and defendants Clovis and Mahaffy shall have **ten days from entry of this Order** to file a proposed scheduling order in accordance with the Federal Rules of Civil Procedure that shall include, *inter alia*, deadlines for the Arkin Group to serve a consolidated amended complaint or designate the initial complaint as the operative complaint, and for defendants to file an answer or otherwise plead.

## III. Conclusion

For the reasons set forth herein, the Court ORDERS as follows:

---

[3] As noted *supra*, the Arkin Group does not expressly request appointment of WTO as liaison counsel. However, as the Court stated *supra*, there is no basis in the PSLRA for the Arkin Group to have selected, and presumably retained, any form of counsel without the approval of this Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Moreover, the Court finds it interesting that, in its resume, BLBG states that it was co-lead counsel in *In re Cendant Corp. Litig.* (*See* ECF No. 18-6 at 10.) As such, BLBG should be more than aware that, in that case, the district court found there to be no need to involve a liaison counsel to perform administrative tasks. *See In re Cendant Corp. Litig.*, 182 F.R.D. 144, 152 (D.N.J. 1998).

(1) the Clovis Investor Group's motion for consolidation and for appointment of lead plaintiff and lead counsel (ECF No. 10) is GRANTED IN PART and DENIED IN PART; to wit, the motion for consolidation is GRANTED, and the motions for appointment of lead plaintiff and lead counsel are DENIED;

(2) the Pension Fund Group's motion for consolidation and for appointment of lead plaintiff and lead counsel (ECF No. 14) is GRANTED IN PART and DENIED IN PART; to wit, the motion for consolidation is GRANTED, and the motions for appointment of lead plaintiff and lead counsel are DENIED;

(3) the KSJ Group's motion for consolidation and for appointment of lead plaintiff and lead counsel (ECF No. 15) is GRANTED IN PART and DENIED IN PART; to wit, the motion for consolidation is GRANTED, and the motions for appointment of lead plaintiff and lead counsel are DENIED;

(4) Moran's motion for consolidation and for appointment of lead plaintiff and lead counsel (ECF No. 16) is GRANTED IN PART and DENIED IN PART; to wit, the motion for consolidation is GRANTED, and the motions for appointment of lead plaintiff and lead counsel are DENIED;

(5) the RT Group's motion for consolidation and for appointment of lead plaintiff and lead counsel (ECF No. 17) is GRANTED IN PART and DENIED IN PART; to wit, the motion for consolidation is GRANTED, and the motions for appointment of lead plaintiff and lead counsel are DENIED; and

(6) the Arkin Group's motion for consolidation and for appointment of lead plaintiff and lead counsel (ECF No. 18) is GRANTED IN PART and DENIED IN PART; to wit;

(a) the motion for consolidation is GRANTED;

(b) the motion for appointment of lead plaintiff is GRANTED; and

(c) the motion for appointment of lead counsel is GRANTED IN PART and DENIED IN PART to the extent that (i) the selection and retention of BLBG as lead counsel is APPROVED and GRANTED, and (ii) the selection and retention of WTO as liaison counsel is DENIED.

Case No. 1:15-cv-02547-RBJ and Case No. 1:15-cv-02697-CBS are hereby CONSOLIDATED with this action for all purposes, and future filings in all cases shall be docketed under Case No. 1:15-cv-02546-RM-MEH. U.S. Magistrate Judge Michael E. Hegarty shall be assigned to this consolidated action.

The referral (ECF No. 40) of the Motion for Extension of Time to File Responsive Pleading is WITHDRAWN, and the Motion for Extension of Time to File Responsive Pleading (ECF No. 39) is GRANTED as set forth herein.

The Clerk is ORDERED to file a Notice of Entry of this Order on the docket of cases 1:15-cv-02547-RBJ and 1:15-cv-02697-CBS.

**SO ORDERED.**

DATED this 18th day of February, 2016.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge