# EXHIBIT 2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-02546-RM-MEH
Consolidated with Civil Action Nos. 15-cv-02547-RM-MEH,
15-cv-02697-RM-MEH, and 16-cv-00459-RM-MEH

SONNY P. MEDINA, *et al.,*

     Plaintiffs,

v.

CLOVIS ONCOLOGY, INC., *et al.,*

     Defendants.

_____

## [PROPOSED] ORDER PRELIMINARILY APPROVING
## SETTLEMENT AND PROVIDING FOR NOTICE
_____

WHEREAS, a consolidated class action, which includes the Kimbro Action, the Moran

Action, and the Rocco Action, is pending in this Court entitled *Medina v. Clovis Oncology, Inc.,*

*et al.*, Civil Action No. 1:15-cv-2546 (the "Action");

WHEREAS, (a) M.Arkin (1999) LTD and Arkin Communications LTD (collectively,

"Lead Plaintiff"), on behalf of itself and the Settlement Class (defined below) and (b) defendant

Clovis Oncology, Inc. ("Clovis" or the "Company") and defendants Patrick J. Mahaffy, Erle T.

Mast, Andrew Allen, and Gillian Ivers-Read (collectively, the "Officer Defendants" and,

together with Clovis, the "Settling Defendants"; and, together with Lead Plaintiff, the "Parties")

have determined to settle all claims asserted against Defendants in the Action with prejudice on

the terms and conditions set forth in the Stipulation and Agreement of Settlement, dated June 18, 2017 (the "Stipulation") subject to approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiff has made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation, certifying the Settlement Class solely for purposes of the Settlement, and ordering notice to Settlement Class Members, as more fully described herein;

WHEREAS, the Court has read and considered: (a) Lead Plaintiff's motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.   **Class Certification for Settlement Purposes** – Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the proposed Settlement, a Settlement Class consisting of all persons and entities who or which (i) purchased or otherwise acquired Clovis common stock and/or (ii) purchased or otherwise acquired exchange traded call options on Clovis common stock ("Clovis Call Options") and/or sold/wrote exchange traded put options on Clovis common stock ("Clovis Put Options") during the period between May 31, 2014 and April 7, 2016, inclusive (the "Settlement Class Period"), and who were damaged thereby.  Excluded from the Settlement Class are the Defendants; the affiliates and subsidiaries of:  Clovis, the Underwriter Defendants, and the Venture Capital Entity Defendants; the Officers, directors, and partners of:  Clovis, the Underwriter Defendants, and the Venture Capital Entity Defendants during the Settlement Class Period; members of the

Immediate Family of any excluded person; the legal representatives, heirs, successors, and assigns of any excluded person or entity; and any entity in which any excluded person or entity has or had, during the Settlement Class Period, a controlling interest; provided, however, that any Investment Vehicle shall not be deemed an excluded person or entity by definition.   Also excluded from the Settlement Class are any persons or entities that exclude themselves by submitting a request for exclusion that is accepted by the Court as valid.

2.      **Class Findings** – Solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiff in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3.      The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiff M.Arkin (1999) LTD and Arkin Communications LTD is an adequate class representative and certifies it as Class Representative for the Settlement Class.  The Court also appoints Lead Counsel as Class Counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4.      **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable, and adequate

to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

5.      **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on _____, 2017 at __:__ _.m., in Courtroom A601 of the United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the terms and conditions of the issuance of the Settlement Shares pursuant to an exemption from registration requirements under Section 3(a)(10) of the Securities Act of 1933, § 15 U.S.C. 77c(a)(1), as amended (the "Securities Act"), are fair to all persons and entities to whom the shares will be issued; (d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (e) to determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (f) to consider any other matters that may properly be brought before the Court in connection with the Settlement.  Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in paragraph 8 of this Order.

6.      The Court has been advised that, if the Court approves the fairness of the Settlement at the Settlement Hearing, which shall be open to all persons and entities to whom the Settlement Shares will be issued pursuant to the proposed Settlement, with adequate notice to be

given to all those persons and entities, based on that approval, the Settlement Shares will be issued by Clovis to the Settlement Class (and to Lead Counsel, as may be awarded by the Court) pursuant to the exemption from registration provided by Section 3(a)(10) of the Securities Act.

7.      The Court may adjourn the Settlement Hearing without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.  The Court may also approve the Plan of Allocation as proposed or with modifications without further notice to the Settlement Class.

8.      **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel is hereby authorized to retain Epiq Class Action & Claims Solutions, Inc. (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims, as more fully set forth below.  Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

(a)      not later than five (5) business days after the date of entry of this Order, Clovis shall provide or cause to be provided to the Claims Administrator (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) the lists of holders of Clovis common stock during the Settlement Class Period maintained by Clovis' Transfer Agent, in electronic form;

(b)      not later than twenty (20) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively (the "Notice Packet"), to be mailed by first-class mail to potential Settlement Class Members at the

addresses set forth in the records provided by Clovis or in the records which Clovis caused to be provided, or who otherwise may be identified through further reasonable effort;

(c)     contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

(d)     not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in the *Wall Street Journal* and to be transmitted once over the *PR Newswire*; and

(e)     not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Settling Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

9.      **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice, attached hereto as Exhibits 1, 2, and 3, respectively, and (b) finds that the mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in paragraph 8 of this Order:  (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation

Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 77z-1(a)(7), as amended, 15 U.S.C. § 78u-4(a)(7), as amended, and all other applicable law and rules.  The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

10.    **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired Clovis common stock and/or Clovis Call Options, and/or sold/wrote Clovis Put Options, during the Settlement Class Period for the benefit of another person or entity shall (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, send a list of the names and addresses of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail the Notice Packet to such beneficial owners.  Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

11.     **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred twenty (120) calendar days after the Notice Date.  Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class.   By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the Settlement.

12.     Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

13.     Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have

waived his, her or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by all of the terms of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred and enjoined from commencing, maintaining, or prosecuting any of the Released Plaintiff's Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Notice.  Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 11 above.

14. **Exclusion From the Settlement Class** – Any member of the Settlement Class who wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to:  Clovis Securities Litigation, EXCLUSIONS, c/o Epiq Systems, PO Box 3127, Portland, OR 97208-3127, and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion and, in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *Medina v. Clovis Oncology, Inc., et al.*, Civil Action No. 1:15-cv-2546"; (iii) state the number of shares of Clovis common stock, Clovis Call Options, and/or Clovis Put Options that the person or entity requesting exclusion purchased/acquired and/or sold during the Settlement Class Period, as well as the dates, number of shares/options, and prices of each such purchase/acquisition and/or sale; and

(iv) be signed by the person or entity requesting exclusion or an authorized representative thereof.  A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

15.     Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

16.     Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by all the terms of the Stipulation and Settlement and all proceedings, determinations, orders and judgments in the Action, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred and enjoined from commencing, maintaining or prosecuting any of the Released Plaintiff's Claims against any of the Defendants' Releasees, as more fully described in the Stipulation and Notice.

17.     **Appearance and Objections at Settlement Hearing** – Any Settlement Class Member who does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and Settling Defendants' Counsel, at the addresses set forth in paragraph 18 below, such

that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct.  Any Settlement Class Member who does not enter an appearance will be represented by Lead Counsel.

18.     Any Settlement Class Member who does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and appear and show cause, if he, she or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation and/or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Settling Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

| **Lead Counsel** | **Settling Defendants' Counsel** |
|---|---|
| Bernstein Litowitz Berger & Grossmann LLP | Willkie Farr & Gallagher LLP |
| John C. Browne, Esq. | Tariq Mundiya, Esq. |
| 1251 Avenue of the Americas, 44th Floor | 787 Seventh Avenue |
| New York, NY  10020 | New York, NY  10019 |

19.     Any objections, filings and other submissions by the objecting Settlement Class Member: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's

attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of Clovis common stock, Clovis Call Options, and/or Clovis Put Options that the objecting Settlement Class Member purchased/acquired and/or sold during the Settlement Class Period, as well as the dates, number of shares/options, and prices of each such purchase/acquisition and/or sale.  Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

20.     Any Settlement Class Member who or which does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

21.     **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action, other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.  Pending Final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiff, and all other members of the Settlement Class, from commencing or prosecuting any and all of the Released Plaintiff's Claims against each and all of the Defendants' Releasees.

22.     **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

23.     **Settlement Fund** – The contents of the Settlement Fund held by Valley National Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

24.     **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

25.     **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiff, the other Settlement Class Members and Defendants, and Lead Plaintiff and Defendants shall revert to their respective positions in the Action as of immediately prior to the execution of the Stipulation, as provided in the Stipulation.

26.     **Use of this Order** – Neither this Order, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the

execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):  (a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation, including, to the extent applicable, to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim; (b) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation, including, to the extent applicable, to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good

faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; provided, however, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

27.    **Supporting Papers** – Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

28.    **CAFA Notice** – The Settling Defendants shall, no later than ten (10) calendar days following the filing of the Stipulation with the Court, cause to be issued notice contemplated by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 *et seq*. ("CAFA"). The Settling Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice.   No later than thirty-five (35) calendar days prior to the Settlement Hearing, the Settling Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA § 1715(b).

29.    The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this _____ day of _____, 2017.


_____
RAYMOND P. MOORE
United States District Judge

#1085566

# EXHIBIT 1

**Exhibit 1**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-02546-RM-MEH
Consolidated with Civil Action Nos. 15-cv-02547-RM-MEH,
15-cv-02697-RM-MEH, and 16-cv-00459-RM-MEH

SONNY P. MEDINA, *et al.*,

      Plaintiffs,

v.

CLOVIS ONCOLOGY, INC., *et al.*,

      Defendants.

_____

### NOTICE OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

_____

### *A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

NOTICE OF PENDENCY OF CLASS ACTION:  Please be advised that your rights may be affected by the above-captioned consolidated securities class action pending in the United States District Court for the District of Colorado (the "Court") if, during the period between May 31, 2014 and April 7, 2016, inclusive (the "Class Period"), you (i) purchased or otherwise acquired common stock of Clovis Oncology, Inc. ("Clovis" or the "Company") and/or (ii) purchased or otherwise acquired exchange traded call options on Clovis common stock and/or sold/wrote exchange traded put options on Clovis common stock, and were damaged thereby.[1]

---

[1]  All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement, dated June 18, 2017 (the "Stipulation"), which is available at www.ClovisSecuritiesLitigation.com.  Exchange traded call option contracts on Clovis common stock ("Clovis Call Options") and exchange traded put option contracts on Clovis common stock ("Clovis Put Options") are collectively referred to herein as "Clovis Options."  Clovis Options and Clovis common stock are collectively referred to herein as the "Clovis Securities."

**NOTICE OF SETTLEMENT:**  Please also be advised that the Court-appointed Lead Plaintiff, M.Arkin (1999) LTD and Arkin Communications LTD (collectively, "Lead Plaintiff"), on behalf of itself and the Settlement Class (as defined in ¶ 24 below), has reached a proposed settlement of the Action with defendant Clovis and defendants Patrick J. Mahaffy, Erle T. Mast, Andrew Allen, and Gillian Ivers-Read (collectively, the "Officer Defendants" and, together with Clovis, the "Settling Defendants") for $142 million, with $25 million paid in cash and $117 million paid in shares of Clovis common stock (the "Settlement").  If approved by the Court, the Settlement will settle and release all claims asserted against Defendants in the Action.

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of a payment from the Settlement.  If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, the Clerk of the Court, Clovis, any of the other Defendants, or their counsel.  All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 94 below).**

1.  **Description of the Action and the Settlement Class:**  This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that Defendants violated the federal securities laws by making false and misleading statements regarding the efficacy and safety of rociletinib – a developmental drug presented to investors as a breakthrough therapy in the treatment of lung cancer and one of Clovis' most attractive assets.  A more detailed description of the Action is set forth in ¶¶ 11-23 below.  The proposed Settlement, if approved by the Court, will settle and release claims of the Settlement Class, as defined in ¶ 24 below.

2.  **Statement of the Settlement Class's Recovery:**  Subject to Court approval, Lead Plaintiff, on behalf of itself and the Settlement Class, has agreed to settle the Action in exchange for $142,000,000, with $25,000,000 paid in cash (the "Cash Settlement Amount") and $117,000,000 paid in shares of Clovis common stock (the "Settlement Shares" and, together with the Cash Settlement Amount, the "Settlement Amount").  The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (i) any Taxes, (ii) any Notice and Administration Costs, (iii) any Litigation Expenses awarded by the Court, and (iv) any attorneys' fees awarded by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class.   The proposed plan of allocation (the "Plan of Allocation") is set forth on pages [__-__] below.

3.  **Estimate of Average Amount of Recovery Per Share or Option:**  Lead Plaintiff's damages expert estimates that the conduct at issue in the Action affected approximately 40,180,997 shares of Clovis common stock and 7,131,000 Clovis Call Options purchased, and 3,043,400 Clovis Put Options sold/written, during the Class Period.[2]  Based on the total Settlement Amount, if all eligible Settlement Class Members elect to participate in the Settlement, the estimated average recovery would be approximately $3.46 per affected share of Clovis common stock, $0.14 per affected Clovis Call Option, and $0.61 per affected Clovis Put

---

[2]  All options-related amounts in this paragraph are per share of the underlying security (*i.e.*, 1/100 of a contract).

Option, before the deduction of any Court-approved fees, expenses, and costs as described in this Notice. Settlement Class Members should note, however, that the foregoing average recovery per share or option is only an estimate. Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, which Clovis Securities they purchased, when and at what prices they purchased/acquired or sold/wrote their Clovis Securities, and the total number of valid Claim Forms submitted. Distributions to eligible Settlement Class Members will be made based on the Plan of Allocation set forth herein (*see* pages [__-__] below) or such other plan of allocation as may be approved by the Court.

4. **Average Amount of Damages Per Share or Option:** The Parties do not agree on the average amount of damages per share or option that would be recoverable if Lead Plaintiff were to prevail in the Action. Among other things, the Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of their conduct.

5. **Attorneys' Fees and Expenses Sought:** Plaintiffs' Counsel, which have been prosecuting the Action on a wholly contingent basis since its inception in November 2015, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action. Court-appointed Lead Counsel, Bernstein Litowitz Berger & Grossmann LLP, will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 22.5% of the Settlement Fund (in combination of cash and stock in the same proportion that the Cash Settlement Amount and the Settlement Shares comprise the Settlement Amount). In addition, Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution, and resolution of the claims asserted in the Action, in an amount not to exceed $900,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff and Named Plaintiff, the City of St. Petersburg Employees' Retirement System ("St. Petersburg" and, together with Lead Plaintiff, "Plaintiffs"), directly related to their representation of the Settlement Class. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses. If the Court approves Lead Counsel's fee and expense application, assuming claims are filed for all affected shares and options, the estimated average amount of fees and expenses, would be approximately $0.80 per affected share of Clovis common stock, $0.03 per affected Clovis Call Option, and $0.14 per affected Clovis Put Option.

6. **Identification of Attorneys' Representatives:** Lead Plaintiff and the Settlement Class are represented by John C. Browne, Esq. of Bernstein Litowitz Berger & Grossmann LLP, 1251 Avenue of the Americas, 44th Floor, New York, NY 10020, 1-800-380-8496, blbg@blbglaw.com.

7. **Reasons for the Settlement:** Lead Plaintiff's principal reason for entering into the Settlement is the substantial and immediate recovery for the Settlement Class without the risk or the delays inherent in further litigation. Moreover, the substantial recovery provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after contested motions, a trial of the Action, and the likely appeals that would follow a trial. This process could be expected to last several years. Settling Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the

Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN _____, 2017.** | This is the only way to be eligible to receive a payment from the Settlement Fund.  If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiff's Claims (defined in ¶ 33 below) that you have against the Defendants and the other Defendants' Releasees (defined in ¶ 34 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION, SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2017.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund.  This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Defendants' Releasees concerning the Released Plaintiff's Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION, SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2017.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them.  You cannot object to the Settlement, the Plan of Allocation, or the fee and expense request, unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **GO TO THE HEARING ON _____, 2017 AT __:__ __.M., AND FILE A NOTICE OF INTENTION TO APPEAR, SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2017.** | Filing a written objection and notice of intention to appear by _____, 2017 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses.  If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not receive any payment from the Settlement Fund.  You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

4

| **WHAT THIS NOTICE CONTAINS** |
|---|

Why Did I Get This Notice?                                                    Page ___
What Is This Case About?                                                      Page ___
How Do I Know If I Am Affected By The Settlement?
    Who Is Included In The Settlement Class?                                  Page ___
What Are Lead Plaintiff's Reasons For The Settlement?                         Page ___
What Might Happen If There Were No Settlement?                                Page ___
How Are Settlement Class Members Affected By The Action
    And The Settlement?                                                      Page ___
How Do I Participate In The Settlement?  What Do I Need To Do?                Page ___
How Much Will My Payment Be?                                                  Page ___
What Payment Are The Attorneys For The Settlement Class Seeking?
  How Will The Lawyers Be Paid?                                              Page ___
What If I Do Not Want To Be A Member Of The Settlement Class?
    How Do I Exclude Myself?                                                 Page ___
When And Where Will The Court Decide Whether To Approve The Settlement?
    Do I Have To Come To The Hearing?  May I Speak At The Hearing If I
    Don't Like The Settlement?                                              Page ___
What If I Bought Shares Or Options On Someone Else's Behalf?                  Page ___
Can I See The Court File?  Whom Should I Contact If I Have Questions?         Page ___

| **WHY DID I GET THIS NOTICE?** |
|---|

8.     The Court directed that this Notice be mailed to you, because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired Clovis common stock and/or Clovis Call Options, and/or sold/wrote Clovis Put Options, during the Class Period.  The Court has directed us to send you this Notice, because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement.  Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights.

9.     The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class, if you wish to do so.  It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing").  *See* ¶¶ 85-86 below for details about the Settlement Hearing, including the date and location of the hearing.

10.     The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), payments pursuant to the Settlement and the Court-approved plan of allocation will be made to Authorized Claimants after any objections and appeals are resolved and after the

completion of all claims processing.  Please be patient, as this process can take some time to complete.

| WHAT IS THIS CASE ABOUT? |
|:---:|

11.    This case is a consolidated securities class action entitled *Medina v. Clovis Oncology, Inc., et al.*, Civil Action No. 1:15-cv-2546.  The Court in charge of the case is the United States District Court for the District of Colorado, and the presiding judge is the Honorable Raymond P. Moore.

12.    This case began on November 19, 2015, when the first of four securities class action complaints was filed in the Court.  In accordance with the Private Securities Litigation Reform Act of 1995 ("PSLRA"), notice to the public was issued stating the deadline by which class members could move the Court for appointment as lead plaintiff.

13.    By Order dated February 18, 2016, the Court appointed M.Arkin (1999) LTD and Arkin Communications LTD as Lead Plaintiff for the Action, approved Lead Plaintiff's selection of Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel, and consolidated all related actions into the Action.

14.    Thereafter, Lead Counsel conducted an extensive investigation into the claims asserted in the Action, including, among other things, the review and analysis of publicly available documents (including SEC filings, news articles, research reports by securities and financial analysts, transcripts of Clovis' investor calls, clinical trial protocols, publications and presentations of clinical trial data, medical journal articles, presentations at medical conferences, and reports and presentations published by the U.S. Food and Drug Administration).  Lead Counsel has also retained, and routinely consulted with, statistical and financial economics experts, and interviewed several former Clovis employees.

15.    On May 6, 2016, Lead Plaintiff filed and served its Consolidated Class Action Complaint (the "Consolidated Complaint") asserting claims against Clovis and the Officer Defendants under Section 10(b) of the Securities Exchange Act of 1934, as amended (the "Exchange Act"), and Rule 10b-5 promulgated thereunder, and against the Officer Defendants under Section 20(a) of the Exchange Act.  The Consolidated Complaint also asserted claims under the Securities Act of 1933, as amended (the "Securities Act"), arising from Clovis' July 14, 2015 secondary offering of common stock (the "Secondary Offering").  Specifically, the Consolidated Complaint asserted (i) claims under Section 11 of Securities Act against Clovis, Patrick J. Mahaffy ("Mahaffy"), and Erle T. Mast ("Mast"), and the Underwriter Defendants;[3] (ii) claims under Section 12(a)(2) of the Securities Act against Clovis and the Underwriter Defendants; and (iii) claims under Section 15 of the Securities Act against Mahaffy, Mast, and the Venture Capital Defendants.[4]

---

[3] The "Underwriter Defendants" consist of the underwriters of the Secondary Offering:  J.P. Morgan Securities LLC, Credit Suisse Securities (USA) LLC, Stifel, Nicolaus & Company, Incorporated, and Mizuho Securities USA Inc.

[4] The "Venture Capital Defendants" consist of:  NEA Partners, 13 L.P., NEA 13 GP, LTD., Aberdare Ventures IV, L.P, Scott D. Sandell, and Forest Baskett.

16.  The Consolidated Complaint alleges, among other things, that Defendants made materially false and misleading statements about the efficacy and safety of rociletinib – a developmental drug presented to investors as a breakthrough therapy in the treatment of lung cancer and one of Clovis' most attractive assets.  In particular, the Consolidated Complaint alleges, among other things, that Defendants reported misleadingly inflated trial results purporting to show that rociletinib was at least as effective in shrinking tumors as a key competing drug.  The Consolidated Complaint also alleged that Defendants falsely characterized rociletinib as "safe" and "well-tolerated," while concealing from investors clinical trial data showing the drug dangerously increased heart risk.  The Consolidated Complaint further alleges that the price of Clovis common stock was artificially inflated as a result of Defendants' allegedly false and misleading statements and omissions, and declined when the truth was revealed in two separate disclosures that occurred before the opening of the market on November 16, 2015 and before the opening of the market on April 8, 2016.

17.  On July 27, 2016, Defendants filed motions to dismiss the Consolidated Complaint.  On September 23, 2016, Lead Plaintiff served its papers in opposition and, on October 11, 2016, Defendants served their reply papers (the Venture Capital Defendants served their reply papers on October 14, 2016).

18.  On February 9, 2017, the Court issued an Opinion and Order (the "Opinion and Order") denying in part and granting in part Defendants' motions to dismiss the Consolidated Complaint. In particular, the Court dismissed Lead Plaintiff's claims against Defendant Ivers-Read and the Venture Capital Defendants, as well as Lead Plaintiff's claims relating to certain of Defendants' allegedly false statements.  The Court also dismissed, without prejudice, Lead Plaintiff's claims against the Underwriter Defendants under Section 12(a)(2).  The Court otherwise sustained the Consolidated Complaint's allegations in full.

19.  On February 22, 2017, Lead Plaintiff filed and served an Amended Consolidated Class Action Complaint (the "Amended Complaint" or "Complaint"), repleading its Section 12(a)(2) claims against the Underwriter Defendants.  On March 17, 2017, the Underwriter Defendants, with the exception of Defendant J.P. Morgan Securities LLC (the "Non-Lead Underwriter Defendants"), moved to dismiss the Amended Complaint's repleaded Section 12(a)(2) claims against them.  On April 7, 2017, Lead Plaintiff opposed the Non-Lead Underwriter Defendants' motion to dismiss.  The Non-Lead Underwriters filed their reply papers on April 21, 2017.

20.  Prior to the Court's issuance of the Opinion and Order, and while the Non-Lead Underwriter Defendants' motions to dismiss were pending, the parties retained retired United States District Court Judge Layn Phillips to act as mediator (the "Mediator"). On February 24, 2017, and again on March 6, 2017, the Parties submitted extensive mediation statements to the Mediator.  On March 14, 2017, the Parties participated in an all-day mediation, which did not result in a settlement, and Lead Plaintiff indicated a desire to proceed with discovery rather than settle at the amounts discussed.

21.  On May 23, 2017, Clovis CEO Defendant Patrick J. Mahaffy, with counsel, traveled to Israel to meet directly with Lead Plaintiff and Lead Counsel to discuss the merits of the case. Following that meeting, with the assistance of the Mediator, the Parties continued discussions concerning the terms of a potential resolution of the Action.  The Parties ultimately agreed, subject to the due diligence discovery described below and the other terms and conditions of the

Stipulation, to settle and release all claims asserted against the Defendants in the Action in return for a payment of $142 million, with $25 million paid in cash and $117 million paid in shares of Clovis common stock.

22.   On June 18, 2017, the Parties entered into a Stipulation and Agreement of Settlement (the "Stipulation"), which sets forth the final terms and conditions of the Settlement, including the condition that the Settlement is not final until the completion of due diligence discovery to the satisfaction of Lead Plaintiff and Lead Counsel.  In connection with the due diligence discovery, the Settling Defendants are producing documents and information regarding the allegations and claims asserted in the Complaint, and up to five individuals from a group consisting of the Individual Defendants, other Clovis employees, or other persons within the Settling Defendants' control, will sit for interviews under oath by Lead Counsel, if requested.  Pursuant to the Stipulation, Lead Plaintiff has the right to withdraw from and terminate the Settlement at any time prior to filing its motion in support of final approval of the Settlement, if, in its discretion, information is produced during the due diligence that renders the proposed Settlement unreasonable or inadequate.

23.   On _____, 2017, the Court entered the Order Preliminarily Approving Proposed Settlement and Providing for Notice (the "Preliminary Approval Order"), which, among other things, preliminarily approved the proposed Settlement, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE SETTLEMENT CLASS?

24.   If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded.  The Settlement Class consists of:

> all persons and entities who or which (i) purchased or otherwise acquired Clovis common stock and/or (ii) purchased or otherwise acquired exchange traded call options on Clovis common stock and/or sold/wrote exchange traded put options on Clovis common stock, between May 31, 2014 and April 7, 2016, inclusive (the "Class Period"), and who were damaged thereby.

Excluded from the Settlement Class are the Defendants; the affiliates and subsidiaries of: Clovis, the Underwriter Defendants, and the Venture Capital Entity Defendants; the Officers,[5] directors, and partners of:  Clovis, the Underwriter Defendants, and the Venture Capital Entity Defendants during the Class Period; members of the Immediate Family[6] of any excluded person; the legal representatives, heirs, successors, and assigns of any excluded person or entity; and any entity in which any excluded person or entity has or had, during the Class Period, a controlling

---

[5] "Officer" means any officer as that term is defined in Securities and Exchange Act Rule 16a-1(f).

[6] "Immediate Family" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law.  As used in this definition, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

interest; provided, however, that any Investment Vehicle[7] shall not be deemed an excluded person or entity by definition.  Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in this Notice.  *See* "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself," on page [__] below.

**PLEASE NOTE:  RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO PAYMENT FROM THE NET SETTLEMENT FUND.  IF YOU ARE A SETTLEMENT CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO RECEIVE A PAYMENT FROM THE NET SETTLEMENT FUND, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN, POSTMARKED NO LATER THAN _____, 2017.**

## WHAT ARE LEAD PLAINTIFF'S REASONS FOR THE SETTLEMENT?

25.   Lead Plaintiff's principal reason for entering the Settlement is the significant payment that the Settlement Class will receive in a timely fashion without the risk or the delays inherent in further litigation.  The substantial payment provided by the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after contested motions for class certification, summary judgment and other issues, as well as a trial of the Action, and likely appeals that would follow a trial, a process that could be expected to last several years.  Moreover, this case presented a number of substantial risks in establishing Defendants' liability.  The Complaint alleges, among other things, that Defendants reported misleading clinical trial results for rociletinib.  Defendants responded by arguing that the manner in which they reported the clinical trial data in question was consistent with the methodology they believed the FDA would use in determining whether to approve, and how to label, rociletinib.  Defendants also argued that the clinical trial data they publicly reported during the Class Period was not materially different than the data they are alleged to have withheld from investors.  While Lead Plaintiff believes it has meritorious responses to each of Defendants' contentions, these arguments involve complicated medical, statistical, and regulatory issues that are hotly contested by the parties.  Thus, there were very significant risks attendant to the continued prosecution of the Action.

26.   In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Settlement Class, and subject to the satisfactory completion of due diligence discovery, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.  Lead Plaintiff and Lead Counsel believe that the

---

[7] "Investment Vehicle" means any investment company or pooled investment fund, including, but not limited to, mutual fund families, exchange-traded funds, fund of funds and hedge funds, in which any of the Underwriter Defendants, have, has or may have a direct or indirect interest, or as to which any of their respective affiliates may act as an investment advisor but of which any Underwriter Defendant or any of their respective affiliates is not a majority owner or does not hold a majority beneficial interest.  This definition of Investment Vehicle does not bring into the Settlement Class any of the Underwriter Defendants or any other person or entity who is excluded from the Settlement Class by definition.

Settlement provides a substantial benefit to the Settlement Class, namely $142,000,000 (in cash and shares of Clovis common stock, less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller recovery, or no recovery, after summary judgment, trial, and appeals, possibly years in the future.

27.   The Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever.  The Settling Defendants have agreed to the Settlement solely to eliminate the uncertainty, burden, and expense of continued litigation.   Accordingly, the Settlement may not be construed as an admission of any wrongdoing by the Defendants.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

28.   If there were no Settlement and Lead Plaintiff failed to establish any essential legal or factual element of its claims against the Defendants, neither Lead Plaintiff nor the other members of the Settlement Class would recover anything in this Action.  Also, if the Defendants were successful in proving any of their defenses, either at summary judgment, at trial or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

29.   As a Settlement Class Member, you are represented by Lead Plaintiff and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but, if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

30.   If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?," below.

31.   If you are a Settlement Class Member and you wish to object to the proposed Settlement, the Plan of Allocation, and/or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

32.   If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims asserted against Defendants in the Action and will provide that, upon the Effective Date (as defined in the Stipulation), Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves, and, to extent any of the following persons or entities can assert a claim in the name of or on behalf of the Settlement Class Member, on behalf of (as

applicable) their agents, representatives, attorneys, advisors, administrators, accountants, consultants, assigns, assignees, partners, successors-in-interest, insurance carriers and reinsurers, current and former officers, directors, officials, auditors, parents, affiliates, subsidiaries, successors, predecessors, employees, fiduciaries, service providers and investment bankers, estates, heirs, executors, beneficiaries, trusts and trustees, each in their respective capacities as such, will have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiff's Claim (as defined in ¶ 33 below) against all Defendants and the other Defendants' Releasees (as defined in ¶ 34 below), and will forever be barred and enjoined from prosecuting any or all of the Released Plaintiff's Claims against any of the Defendants and the other Defendants' Releasees.

33.   "Released Plaintiff's Claims" means all claims and causes of action of every nature and description or liabilities whatsoever, whether known claims or Unknown Claims (as defined in ¶ 35 below), whether arising under federal, state, common or foreign law, that Lead Plaintiff or any other member of the Settlement Class: (i) asserted in the Complaint; or (ii) could have been asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and that relate to the purchase of Clovis common stock or exchange traded Clovis call options, or the sale of exchange traded Clovis put options, during the Class Period.  Released Plaintiff's Claims do not include (i) any claims asserted in any pending derivative action, including but not limited to *In re Clovis Oncology, Inc. Derivative Litigation*, No. 2017-0222 (Del. Ch. Mar. 23, 2017) and *Guo v. Mahaffy et al.*, No. 17-cv-00706 (D. Colo. Mar 20, 2017); (ii) any claim by any governmental entity arising out of any governmental investigation of Clovis relating to the alleged wrongful conduct; (iii) any claims relating to the enforcement of the Settlement; and (iv) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.

34.   "Defendants' Releasees" means Defendants and each of their respective parents, subsidiaries, affiliates, heirs, executors, administrators, trustees, beneficiaries, assigns, assignees, predecessors, and successors, and all of their respective former, current, and future officers, directors, shareholders, partners, managers, members, agents, representatives, employees, insurers, reinsurers, auditors, and attorneys, in their capacities as such.

35.   "Unknown Claims" means any Released Plaintiff's Claims which Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Settling Defendant or any other Defendants' Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to the Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and the Settling Defendants shall expressly waive, and each of the other Settlement Class Members and each of the other Defendants' Releasees shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiff and the Settling Defendants acknowledge, and each of the other Settlement Class Members and each of the other Defendants' Releasees shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

36.   The Judgment will also provide that, upon the Effective Date, Defendants, on behalf of themselves, and, to extent any of the following persons or entities can assert a claim in the name of or on behalf of the Defendant, on behalf of (as applicable) their agents, representatives, attorneys, advisors, administrators, accountants, consultants, assigns, assignees, partners, successors-in-interest, insurance carriers and reinsurers, current and former officers, directors, officials, auditors, parents, affiliates, subsidiaries, successors, predecessors, employees, fiduciaries, service providers and investment bankers, estates, heirs, executors, beneficiaries, trusts and trustees, each in their respective capacities as such, will have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim (as defined in ¶ 37 below) against Lead Plaintiff and the other Plaintiffs' Releasees (as defined in ¶ 38 below), and will forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.

37.   "Released Defendants' Claims" means all claims and causes of action of every nature and description or liabilities whatsoever, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action.  Released Defendants' Claims do not include (i) any claims relating to the enforcement of the Settlement; and (ii) any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

38.   "Plaintiffs' Releasees" means Plaintiffs, their respective attorneys, and all other Settlement Class Members, and each of their respective parents, subsidiaries, affiliates, heirs, executors, administrators, trustees, beneficiaries, assigns, assignees, predecessors, and successors, and all of their respective former, current, and future officers, directors, shareholders, partners, managers, members, agents, representatives, employees, insurers, reinsurers, auditors, and attorneys, in their capacities as such.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

39.   To be potentially eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation, **postmarked no later than _____, 2017**.  A Claim Form is included with this Notice. You may also obtain one from the website maintained by the Claims Administrator for the Settlement, www.ClovisSecuritiesLitigation.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at

1-888-697-8556 or by emailing the Claims Administrator at info@ClovisSecuritiesLitigation.com. Please retain all records of your ownership of and transactions in Clovis Securities, as they may be needed to document your Claim. If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not share in the Net Settlement Fund.

| **HOW MUCH WILL MY PAYMENT BE?** |
| --- |

40.   At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

41.   Pursuant to the Settlement, Clovis has agreed to pay or caused to be paid a total of $142,000,0000 for the benefit of the Settlement Class, with (i) $25,000,000 paid in cash (the "Cash Settlement Amount") deposited into an escrow account controlled by Lead Counsel and (ii) $117,000,000 paid in shares of Clovis common stock (the "Settlement Shares").[8]

42.   The Settlement Amount (*i.e.*, the Cash Settlement Amount plus the Settlement Shares) plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (i) all federal, state and/or local taxes on any income earned by the Settlement Fund (including any appreciation in value of the Settlement Shares); the reasonable expenses and costs incurred in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); and all taxes imposed on payments by the Settlement Fund, including withholding taxes; (ii) the costs and expenses incurred in connection with providing notice to Settlement Class Members and administering the Settlement on behalf of Settlement Class Members; and (iii) any attorneys' fees and Litigation Expenses awarded by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

43.   The Net Settlement Fund will not be distributed, unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

44.   Neither the Settling Defendants, the Defendants' Releasees, nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement

---

[8]   The Settlement Shares to be issued will be valued as of the date of the Settlement Hearing in accordance with the terms of the Stipulation. The Settlement Shares, less any Settlement Shares awarded to Plaintiffs' Counsel, are referred to as the "Class Settlement Shares". Subject to Court approval, Lead Counsel will have the right to decide, in its sole discretion, whether to (i) distribute the Class Settlement Shares to Settlement Class Members who submit claims that are approved for payment by the Court ("Authorized Claimants") or (ii) sell all or any portion of the Class Settlement Shares and distribute the net cash proceeds from the sale of the shares to Authorized Claimants. <u>Please Note</u>: After the date on which such shares are valued, the value of the Class Settlement Shares may fluctuate. No representation can be made as to what the value of the Class Settlement Shares will be at the time the shares are distributed or, if applicable, sold for the benefit of Settlement Class Members.

becomes Final.  Except as otherwise provided in the Stipulation, the Settling Defendants and the other Defendants' Releasees shall not have any involvement in, or any responsibility, authority or liability whatsoever for, the administration of the Settlement or the distribution of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity in connection with the foregoing.

45.    Approval of the Settlement is independent from approval of a plan of allocation.  Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

46.    Unless the Court otherwise orders, any Settlement Class Member who fails to submit a valid Claim Form postmarked on or before _____, 2017 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given.  This means that each Settlement Class Member releases the Released Plaintiff's Claims (as defined in ¶ 33 above) against the Defendants' Releasees (as defined in ¶ 34 above) and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Defendants' Releasees with respect to the Released Plaintiff's Claims, whether or not such Settlement Class Member submits a Claim Form.

47.    Participants in and beneficiaries of a plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in Clovis Securities held through the ERISA Plan in any Claim Form that they may submit in this Action.  They should include ONLY those shares or options that they purchased or acquired outside of the ERISA Plan. Claims based on any ERISA Plan's purchases or acquisitions of Clovis Securities during the Class Period may be made by the plan's trustees.  To the extent any of the Defendants or any of the other persons or entities excluded from the Settlement Class are participants in the ERISA Plan, such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by the ERISA Plan.

48.    The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

49.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

50.    Only Settlement Class Members, *i.e.*, persons and entities who, during the Class Period, purchased or otherwise acquired Clovis common stock or Clovis Call Options, or sold/wrote Clovis Put Options, and were damaged as a result of such purchases/acquisitions or sales, will be potentially eligible to share in the distribution of the Net Settlement Fund.  Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.  The only securities that are included in the Settlement are the Clovis Securities.

## PROPOSED PLAN OF ALLOCATION

51.    The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund to those Settlement Class Members who suffered economic losses as a proximate result of the alleged wrongdoing.  The calculations made pursuant to the Plan of Allocation are not intended

to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement.  The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

52.   In developing the Plan of Allocation, Lead Plaintiff's damages expert calculated the estimated amount of artificial inflation in the per share closing prices of Clovis common stock and Clovis Call Options, and the amount of artificial deflation in the per share closing prices of Clovis Put Options, which allegedly was proximately caused by Defendants' alleged false and misleading statements and material omissions.  In calculating the estimated artificial inflation and deflation allegedly caused by Defendants' alleged misrepresentations and omissions, Lead Plaintiff's damages expert considered price changes in Clovis common stock and options in reaction to certain public announcements allegedly revealing the truth concerning Defendants' alleged misrepresentations and material omissions, adjusting for price changes that were attributable to market or industry forces and disclosures of information unrelated to the alleged fraud.  The estimated artificial inflation in Clovis common stock is set forth in Table 1 at the end of this Notice; the estimated artificial inflation in Clovis Call Options is set forth in Table 2; and the estimated artificial deflation in Clovis Put Options is set forth in Table 3.

53.   For losses to be compensable damages under the federal securities laws, the disclosure of the allegedly misrepresented information must be, among other things, the cause of the decline in the price or value of the security.  In this case, Lead Plaintiff alleges that Defendants made false statements and omitted material facts during the period between May 31, 2014 and April 7, 2016, inclusive, which had the effect of artificially inflating the prices of Clovis common stock and Clovis Call Options and artificially deflating the price of Clovis Put Options.  Lead Plaintiff further alleges that corrective information was released to the public before the market opened on November 16, 2015 and before the market opened on April 8, 2016, which partially removed the artificial inflation from the price of Clovis common stock and Clovis Call Options and partially removed artificial deflation from the price of Clovis Put Options.

54.   Recognized Loss Amounts for transactions in Clovis Securities are calculated under the Plan of Allocation based primarily on the difference in the amount of alleged artificial inflation (or deflation in the case of put options) in the respective prices of the Clovis Securities at the time of purchase or acquisition and at the time of sale or the difference between the actual purchase/acquisition price and sale price.  Accordingly, in order to have a Recognized Loss Amount under the Plan of Allocation:

(i)   a Settlement Class Member who purchased or otherwise acquired Clovis common stock or Clovis Call Options, or sold/wrote Clovis Put Options, from May 31, 2014 through November 15, 2015, inclusive, must have held those Clovis Securities (or with respect to Clovis Options, not closed out his, her or its position in the security) through at least November 15, 2015; and

(ii)   a Settlement Class Member who purchased or otherwise acquired Clovis common stock or Clovis Call Options, or sold/wrote Clovis Put Options, from November 16, 2015 through April 7, 2016, inclusive, must have held those Clovis Securities (or with

15

respect to Clovis Options, not closed out his, her or its position in the security) through at least April 7, 2016.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

55. Based on the formulas stated below, a "Recognized Loss Amount" will be calculated for each purchase or acquisition of Clovis common stock and Clovis Call Options and each sale of Clovis Put Options during the Settlement Class Period that is listed on the Claim Form and for which adequate documentation is provided. If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that Recognized Loss Amount will be zero.

## CLOVIS COMMON STOCK CALCULATIONS

56. For each share of Clovis common stock purchased or otherwise acquired during the period from May 31, 2014 through and including November 15, 2015 and:

(i) Sold on or before November 15, 2015, the Recognized Loss Amount will be $0.00.

(ii) Sold during the period from November 16, 2015 through and including the close of trading on April 7, 2016, the Recognized Loss Amount will be *the least of*: (a) $69.03; (b) the amount of artificial inflation per share on the date of purchase/acquisition as set forth in Table 1 *minus* the amount of artificial inflation per share on the date of sale as set forth in Table 1; or (c) the purchase/acquisition price minus the sale price.

(iii) Held as of the close of trading on April 7, 2016, the Recognized Loss Amount will be *the least of*: (a) $72.08; (b) the amount of artificial inflation per share on the date of purchase/acquisition as set forth in Table 1; or (c) the purchase/acquisition price minus $15.77, the closing price for Clovis common stock on April 8, 2016.

57. For each share of Clovis common stock purchased or otherwise acquired during the period from November 16, 2015 through and including the close of trading on April 7, 2016, and:

(i) Sold on or before the close of trading on April 7, 2016, the Recognized Loss Amount will be $0.00.

(ii) Held as of the close of trading on April 7, 2016, the Recognized Loss Amount will be *the least of*: (a) $3.05; (b) the amount of artificial inflation per share on the date of purchase/acquisition as set forth in Table 1; or (c) the purchase/acquisition price minus $15.77, the closing price for Clovis common stock on April 8, 2016.

## CLOVIS CALL AND PUT OPTIONS CALCULATIONS

58. Exchange-traded options are traded in units called "contracts" which entitle the holder to buy (in the case of a call option) or sell (in the case of a put option) 100 shares of the underlying security, which in this case is Clovis common stock. Throughout this Plan of Allocation, all price quotations are *per share of the underlying security* (*i.e.*, 1/100 of a contract).

59.    Each option contract specifies a strike price and an expiration date.  Contracts with the same strike price and expiration date are referred to as a "series" and each series represents a different security that trades in the market and has its own market price (and thus artificial inflation or deflation).  Under the Plan of Allocation, the dollar artificial inflation per share (*i.e.*, 1/100 of a contract) for each series of Clovis Call Options and the dollar artificial deflation per share (*i.e.*, 1/100 of a contract) for each series of Clovis Put Options has been calculated by Lead Plaintiff's damages expert.  Table 2 below sets forth the dollar artificial inflation per share in Clovis Call Options during the Settlement Class Period.  Table 3 below sets forth the dollar artificial deflation per share in Clovis Put Options during the Settlement Class Period.  Tables 2 and 3 list only series of exchange-traded Clovis Options that expired on or after November 16, 2015 – the date of the first alleged corrective disclosure.  Transactions in Clovis Options that expired before November 16, 2015 have a Recognized Loss Amount of zero under the Plan of Allocation. Any Clovis Options that are not found on Tables 2 and 3 have a Recognized Loss Amount of zero under the Plan of Allocation.

60.    For each Clovis Call Option purchased or otherwise acquired during the period from May 31, 2014 through and including the close of trading on April 7, 2016, and:

>       (i)     closed (through sale, exercise, or expiration) on or before November 15, 2015, the Recognized Loss Amount will be $0.00.

>       (ii)    closed (through sale, exercise, or expiration) during the period from November 16, 2015 through and including the close of trading on April 7, 2016, the Recognized Loss Amount will be ***the lesser of***: (a) the amount of artificial inflation per share on the date of purchase/acquisition as set forth in Table 2 *minus* the amount of artificial inflation per share on the date of close as set forth in Table 2; or (b) if closed through sale, the purchase/acquisition price *minus* the sale price, or if closed through exercise or expiration, the purchase/acquisition price *minus* the value per option on the date of exercise or expiration.[9]

>       (iii)   open as of the close of trading on April 7, 2016, the Recognized Loss Amount will be ***the lesser of***: (a) the amount of artificial inflation per share on the date of purchase/acquisition as set forth in Table 2; or (b) the purchase/acquisition price *minus* the closing price of that option on April 8, 2016 (*i.e.*, the "Holding Price") as set forth in Table 2 below.

61.    For each Clovis Put Option sold (written) during the period from May 31, 2014 through and including the close of trading on April 7, 2016, and:

>       (i)     closed (through purchase, exercise, or expiration) on or before November 15, 2015, the Recognized Loss Amount will be $0.00.

>       (ii)    closed (through purchase, exercise, or expiration) during the period from November 16, 2015 through and including the close of trading on April 7, 2016, the

---

[9] The "value" of the call option on the date of exercise or expiration shall be the closing price of Clovis common stock on the date of exercise or expiration minus the strike price of the option.  If this number is less than zero, the value of the call option is zero.

Recognized Loss Amount will be **_the lesser of_**: (a) the amount of artificial deflation per share on the date of sale (writing) as set forth in Table 3 _minus_ the amount of artificial deflation per share on the date of close as set forth in Table 3; or (b) if closed through purchase, the purchase price _minus_ the sale price, or if closed through exercise or expiration, the value per option on the date of exercise or expiration[10] _minus_ the sale price.

 (iii) open as of the close of trading on April 7, 2016, the Recognized Loss Amount will be **_the lesser of_**: (a) the amount of artificial deflation per share on the date of sale (writing) as set forth in Table 3; or (b) the closing price on April 8, 2016 (_i.e._, the "Holding Price") as set forth in Table 3 below _minus_ the sale price.

62. **Maximum Recovery for Options:** The Settlement proceeds available for Clovis Call Options purchased during the Settlement Class Period and Clovis Put Options sold (written) during the Settlement Class Period shall be limited to a total amount equal to 2% of the Net Settlement Fund.  Thus, if the cumulative Recognized Loss Amounts for Clovis Call Options and Clovis Put Options exceeds 2% of all Recognized Claims, then the Recognized Loss Amounts calculated for option transactions will be reduced proportionately until they collectively equal 2% of all Recognized Claims. In the unlikely event that the Net Settlement Fund, allocated as such, is sufficient to pay 100% of the Clovis common stock-based claims, any excess amount will be used to pay the balance on the remaining option-based claims.

### ADJUSTMENT TO RECOGNIZED LOSS AMOUNT FOR SECTION 11 CLAIMS

63. For each share of Clovis common stock purchased or acquired between May 31, 2014 and April 7, 2016, inclusive, pursuant to or traceable to the secondary offering of Clovis common stock conducted on or about July 14, 2015, if it calculates to a Recognized Loss Amount that is a positive number pursuant to ¶¶ 56-67 above, that number shall be increased by 15%.

### ADDITIONAL PROVISIONS

64. **Calculation of Claimant's "Recognized Claim":** A Claimant's "Recognized Claim" under the Plan of Allocation will be the sum of his, her or its Recognized Loss Amounts as calculated above with respect to all Clovis Securities.

65. **FIFO Matching:** If a Settlement Class Member made more than one purchase/acquisition or sale of any Clovis Security during the Settlement Class Period, all purchases/acquisitions and sales of the like security shall be matched on a First In, First Out ("FIFO") basis.  With respect to Clovis common stock and Clovis Call Options, Settlement Class Period sales will be matched first against any holdings at the beginning of the Settlement Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Settlement Class Period.   For Clovis Put Options, Settlement Class Period purchases will be matched first to close out positions open at the

---

[10] The "value" of the put option on the date of exercise or expiration shall be the strike price of the option minus the closing price of Clovis common stock on the date of exercise or expiration.  If this number is less than zero, the value of the put option is zero.

beginning of the Settlement Class Period, and then against Clovis Put Options sold (written) during the Settlement Class Period in chronological order.

66. **"Purchase/Sale" Dates:** Purchases or acquisitions and sales of Clovis Securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of Clovis Securities during the Settlement Class Period shall not be deemed a purchase, acquisition or sale of these Clovis Securities for the calculation of a Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition/sale of such Clovis Securities unless (i) the donor or decedent purchased or otherwise acquired or sold such Clovis Securities during the Settlement Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such Clovis Securities.

67. **Short Sales:** With respect to Clovis common stock, the date of covering a "short sale" is deemed to be the date of purchase or acquisition of the common stock. The date of a "short sale" is deemed to be the date of sale of the Clovis common stock. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" and the purchases covering "short sales" is zero.

68. In the event that a Claimant has an opening short position in Clovis common stock, the earliest purchases or acquisitions of Clovis common stock during the Settlement Class Period shall be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

69. If a Settlement Class Member has "written" Clovis Call Options, thereby having a short position in the call options, the date of covering such a written position is deemed to be the date of purchase or acquisition of the call option. The date on which the call option was written is deemed to be the date of sale of the call option. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "written" Clovis Call Options is zero. In the event that a Claimant has an opening written position in Clovis Call Options, the earliest purchases or acquisitions of like call options during the Settlement Class Period shall be matched against such opening written position, and not be entitled to a recovery, until that written position is fully covered.

70. If a Settlement Class Member has purchased or acquired Clovis Put Options, thereby having a long position in the put options, the date of purchase/acquisition is deemed to be the date of purchase/acquisition of the put option. The date on which the put option was sold, exercised, or expired is deemed to be the date of sale of the put option. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on purchased/acquired Clovis Put Options is zero. In the event that a Claimant has an opening long position in Clovis Put Options, the earliest sales or dispositions of like put options during the Settlement Class Period shall be matched against such opening position, and not be entitled to a recovery, until that long position is fully covered.

71. **Common Stock Purchased/Sold Through the Exercise of Options:** With respect to Clovis common stock purchased or sold through the exercise of an option, the purchase/sale date of the common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

19

72.     **Market Gains and Losses:**  With respect to all Clovis common stock and Clovis Call Options purchased or acquired or Clovis Put Options sold during the Settlement Class Period, the Claims Administrator will determine if the Claimant had a Market Gain or a Market Loss with respect to his, her, or its overall transactions during the Settlement Class Period in those shares and options.  For purposes of making this calculation, with respect to Clovis common stock and Clovis Call Options, the Claims Administrator shall determine the difference between (i) the Claimant's Total Purchase Amount[11] and (ii) the sum of the Claimant's Sales Proceeds[12] and the Claimant's Holding Value.[13]  For Clovis common stock and Clovis Call Options, if the Claimant's Total Purchase Amount *minus* the sum of the Claimant's Sales Proceeds and the Holding Value is a positive number, that number will be the Claimant's Market Loss; if the number is a negative number or zero, that number will be the Claimant's Market Gain.  With respect to Clovis Put Options, the Claims Administrator shall determine the difference between (i) the sum of the Claimant's Total Purchase Amount[14] and the Claimant's Holding Value[15] and (ii) the Claimant's Sales Proceeds.[16]  For Clovis Put Options, if the sum of the Claimant's Total Purchase Amount and the Claimant's Holding Value *minus* the Claimant's Sales Proceeds is a positive number, that number will be the Claimant's Market Loss; if the number is a negative number or zero, that number will be the Claimant's Market Gain.

73.     If a Claimant had a Market Gain with respect to his, her, or its overall transactions in Clovis Securities during the Settlement Class Period, the value of the Claimant's Recognized Claim will be zero, and the Claimant will in any event be bound by the Settlement.  If a Claimant

---

[11]  For Clovis common stock and Clovis Call Options, the "Total Purchase Amount" is the total amount the Claimant paid (excluding all fees, taxes and commissions) for all such Clovis securities purchased and/or acquired during the Settlement Class Period.

[12]  For Clovis common stock and Clovis Call Options, the Claims Administrator shall match any sales of such Clovis securities during the Settlement Class Period first against the Claimant's opening position in the like Clovis securities (the proceeds of those sales will not be considered for purposes of calculating market gains or losses).  The total amount received for sales of the remaining like Clovis securities sold during the Settlement Class Period is the "Total Sales Proceeds."

[13]  The Claims Administrator shall ascribe a "Holding Value" of $15.77 to each share of Clovis common stock purchased or acquired during the Settlement Class Period that was still held as of the close of trading on April 7, 2016.  For each Clovis Call Option purchased or acquired during the Settlement Class Period that was still open as of the close of trading on April 7, 2016, the Claims Administrator shall ascribe a "Holding Value" for that option which shall be the Holding Price set forth on Table 2.

[14]  For Clovis Put Options, the Claims Administrator shall match any purchases/acquisitions during the Settlement Class Period to close out positions in put options first against the Claimant's opening position in put options (the total amount paid with respect to those purchases/acquisitions will not be considered for purposes of calculating market gains or losses).  The total amount paid for the remaining purchases/acquisitions during the Settlement Class Period to close out positions in put options is the "Total Purchase Amount."

[15]  For each Clovis Put Option sold (written) during the Settlement Class Period that was still open as of the close of trading on April 7, 2016, the Claims Administrator shall ascribe a "Holding Value" for that option which shall be the Holding Price set forth on Table 3.

[16]  For Clovis Put Options, the total amount received for put options sold (written) during the Settlement Class Period is the "Total Sales Proceeds."

suffered an overall Market Loss with respect to his, her, or its overall transactions in Clovis Securities during the Settlement Class Period but that Market Loss was less than the Claimant's Recognized Claim calculated above, then the Claimant's Recognized Claim will be limited to the amount of the Market Loss.

74.    **Determination of Distribution Amount:**  If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund.  The *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

75.    If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund shall be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

76.    No cash payments for less than $10.00 will be made.  In the event of a distribution of Settlement Shares, no fractional Settlement Shares will be issued.

77.    After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks and claim their Settlement Shares.  To the extent any monies and/or Settlement Shares remain in the Net Settlement Fund nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds and/or Settlement Shares remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and claimed their initial Settlement Shares and who would receive at least $10.00 from such re-distribution.  Additional re-distributions to Authorized Claimants who have cashed their prior checks and claimed their prior Settlement Shares and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.  At such time as it is determined that the re-distribution of funds and/or Settlement Shares remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Lead Counsel and approved by the Court.

78.    Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants.  No person shall have any claim against Lead Plaintiff, Plaintiffs' Counsel, Lead Plaintiff's damages expert, the Settling Defendants, Settling Defendants' Counsel, or any of the other Plaintiffs' Releasees or Defendants' Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court.  Lead Plaintiff, the Settling Defendants, and their respective counsel, and all other Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or

the Net Settlement Fund; the plan of allocation; the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith. Settlement Class Members shall also release all claims that arise out of, relate to, or are based upon the issuance, transfer, or disposition of the Settlement Shares made in accordance with the terms of the Stipulation.

79. The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Lead Plaintiff after consultation with its damages expert. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class. Any Orders regarding any modification of the Plan of Allocation will be posted on the settlement website, www.ClovisSecuritiesLitigation.com.

> ### WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING?
> ### HOW WILL THE LAWYERS BE PAID?

80. Plaintiffs' Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Plaintiffs' Counsel been reimbursed for their out-of-pocket expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 22.5% of the Settlement Fund (in combination of cash and stock in the same proportion that the Cash Settlement Amount and the Settlement Shares comprise the Settlement Amount). At the same time, Lead Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $900,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class. The Court will determine the amount of any award of attorneys' fees and reimbursement of Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

> ### WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS?
> ### HOW DO I EXCLUDE MYSELF?

81. Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to Clovis Securities Litigation, EXCLUSIONS, c/o Epiq Systems, PO Box 3127, Portland, OR 97208-3127. The exclusion request must be *received* no later than _____, 2017. You will not be able to exclude yourself from the Settlement Class after that date. Each Request for Exclusion must (i) state the name, address and telephone number of the person or entity requesting exclusion, and, in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *Medina v. Clovis Oncology, Inc., et al.*, Civil Action No. 1:15-cv-2546"; (iii) state the number of shares of Clovis common stock, Clovis Call Options, and/or Clovis Put Options that the person or entity requesting exclusion purchased/acquired and/or sold during the Class Period (*i.e.*, between May 31, 2014 and April 7, 2016, inclusive), as well as the dates, number of shares/options, and prices

of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative thereof.  A Request for Exclusion shall not be valid and effective, unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

82.   If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion, even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiff's Claim against any of the Defendants' Releasees.

83.   If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

84.   Clovis has the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Lead Plaintiff and Clovis.

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

---

85.   **Settlement Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below, even if a Settlement Class Member does not attend the hearing.  You can participate in the Settlement without attending the Settlement Hearing.  Please Note: The date and time of the Settlement Hearing may change without further written notice to the Settlement Class. You should monitor the Court's docket and the website maintained by the Claims Administrator, www.ClovisSecuritiesLitigation.com, before making plans to attend the Settlement Hearing.  You may also confirm the date and time of the Settlement Hearing by contacting Lead Counsel.**

86.   The Settlement Hearing will be held on _____, 2017 at __:__ _.m., before the Honorable Raymond P. Moore at the United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, Courtroom A601, 901 19th Street, Denver, Colorado 80294, to determine, among other things, (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against the Defendants and the Releases specified and described in the Stipulation (and in this Notice) should be granted; (iii) whether the terms and conditions of the issuance of the Settlement Shares pursuant to an exemption from registration requirements under Section 3(a)(10) of the Securities Act are fair to all persons and entities to whom the shares will be issued; (iv) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (v) whether Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved.   The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

87.   Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Objections must be in writing.  You

must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the District of Colorado at the address set forth below on or before _____, 2017.  You must also serve the papers on Lead Counsel and on Settling Defendants' Counsel at the addresses set forth below so that the papers are **received on or before _____, 2017**.

| **Clerk's Office** | **Lead Counsel** | **Settling Defendants' Counsel** |
|---|---|---|
| United States District Court District of Colorado Clerk of the Court Alfred A. Arraj United States Courthouse 901 19th Street Denver, CO 80294 | **Bernstein Litowitz Berger & Grossmann LLP** John C. Browne, Esq. 1251 Avenue of the Americas, 44th Floor New York, NY 10020 | **Willkie Farr & Gallagher LLP** Tariq Mundiya, Esq. 787 Seventh Avenue New York, NY 10019 |

88.   Any objection (i) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (ii) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (iii) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of Clovis common stock, Clovis Call Options, and/or Clovis Put Options that the objecting Settlement Class Member purchased/acquired and/or sold during the Class Period (*i.e.*, between May 31, 2014 and April 7, 2016, inclusive), as well as the dates, number of shares/options, and prices of each such purchase/acquisition and sale.  You may not object to the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

89.   You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection, unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

90.   If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Settling Defendants' Counsel at the addresses set forth in ¶ 87 above, so that it is **received on or before _____, 2017**.  Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Such persons may be heard orally at the discretion of the Court.

91.   You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it

on Lead Counsel and Settling Defendants' Counsel at the addresses set forth in ¶ 87 above so that the notice is *received* **on or before** _____**, 2017**.

92.    **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES OR OPTIONS ON SOMEONE ELSE'S BEHALF?

93.    If you purchased or otherwise acquired Clovis common stock and/or Clovis Call Options, and/or sold (wrote) Clovis Call Options, during the Class Period (*i.e.*, between May 31, 2014 and April 7, 2016, inclusive), for the beneficial interest of persons or organizations other than yourself, you must either (i) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of this Notice, provide a list of the names and addresses of all such beneficial owners to Clovis Securities Litigation, c/o Epiq Systems, PO Box 3127, Portland, OR 97208-3127.  If you choose the second option, the Claims Administrator will send a copy of the Notice and the Claim Form to the beneficial owners.  Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Copies of this Notice and the Claim Form may also be obtained from the website maintained by the Claims Administrator, www.ClovisSecuritiesLitigation.com, by calling the Claims Administrator toll-free at 1-888-697-8556, or by emailing the Claims Administrator at info@ClovisSecuritiesLitigation.com.

## CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

94.    This Notice contains only a summary of the terms of the proposed Settlement.  For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, CO 80294.  Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.ClovisSecuritiesLitigation.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

| Clovis Securities Litigation | and/or | John C. Browne, Esq. |
|---|---|---|
| c/o Epiq Systems | | BERNSTEIN LITOWITZ BERGER & |
| PO Box 3127 | | GROSSMANN LLP |
| Portland, OR 97208-3127 | | 1251 Avenue of the Americas, 44th Floor |

1-888-697-8556                         New York, NY 10020
info@ClovisSecuritiesLitigation.com               1-800-380-8496
www.ClovisSecuritiesLitigation.com              blbg@blbglaw.com

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, CLOVIS, ANY OF THE OTHER DEFENDANTS, OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 2017                    By Order of the Court
                                            United States District Court
                                            District of Colorado

# 1085571

**TABLE 1**

**Estimated Artificial Inflation in Clovis Common Stock
from May 31, 2014 through and including April 7, 2016**

| Date | Artificial Inflation | Date | Artificial Inflation | Date | Artificial Inflation | Date | Artificial Inflation | Date | Artificial Inflation |
|---|---|---|---|---|---|---|---|---|---|
| 6/2/2014 | $35.56 | 8/7/2014 | $27.47 | 10/14/2014 | $31.91 | 12/19/2014 | $42.18 | 3/2/2015 | $58.87 |
| 6/3/2014 | $28.47 | 8/8/2014 | $30.45 | 10/15/2014 | $32.93 | 12/22/2014 | $42.40 | 3/3/2015 | $56.27 |
| 6/4/2014 | $28.60 | 8/11/2014 | $30.99 | 10/16/2014 | $34.83 | 12/23/2014 | $40.33 | 3/4/2015 | $57.65 |
| 6/5/2014 | $30.36 | 8/12/2014 | $31.20 | 10/17/2014 | $36.13 | 12/24/2014 | $40.65 | 3/5/2015 | $59.33 |
| 6/6/2014 | $29.73 | 8/13/2014 | $31.83 | 10/20/2014 | $36.75 | 12/26/2014 | $41.89 | 3/6/2015 | $58.98 |
| 6/9/2014 | $31.03 | 8/14/2014 | $32.27 | 10/21/2014 | $38.05 | 12/29/2014 | $41.69 | 3/9/2015 | $58.61 |
| 6/10/2014 | $33.32 | 8/15/2014 | $32.93 | 10/22/2014 | $38.31 | 12/30/2014 | $41.07 | 3/10/2015 | $58.74 |
| 6/11/2014 | $32.62 | 8/18/2014 | $32.78 | 10/23/2014 | $40.26 | 12/31/2014 | $41.71 | 3/11/2015 | $58.62 |
| 6/12/2014 | $33.16 | 8/19/2014 | $32.43 | 10/24/2014 | $41.39 | 1/2/2015 | $42.44 | 3/12/2015 | $59.05 |
| 6/13/2014 | $33.73 | 8/20/2014 | $32.47 | 10/27/2014 | $41.48 | 1/5/2015 | $41.70 | 3/13/2015 | $58.08 |
| 6/16/2014 | $32.67 | 8/21/2014 | $31.24 | 10/28/2014 | $43.98 | 1/6/2015 | $41.54 | 3/16/2015 | $60.91 |
| 6/17/2014 | $32.61 | 8/22/2014 | $32.64 | 10/29/2014 | $42.63 | 1/7/2015 | $43.35 | 3/17/2015 | $62.04 |
| 6/18/2014 | $31.98 | 8/25/2014 | $34.77 | 10/30/2014 | $44.06 | 1/8/2015 | $43.91 | 3/18/2015 | $60.27 |
| 6/19/2014 | $31.59 | 8/26/2014 | $37.16 | 10/31/2014 | $44.43 | 1/9/2015 | $43.98 | 3/19/2015 | $60.65 |
| 6/20/2014 | $30.96 | 8/27/2014 | $36.20 | 11/3/2014 | $44.86 | 1/12/2015 | $43.16 | 3/20/2015 | $58.29 |
| 6/23/2014 | $30.61 | 8/28/2014 | $35.56 | 11/4/2014 | $43.90 | 1/13/2015 | $45.68 | 3/23/2015 | $56.53 |
| 6/24/2014 | $30.69 | 8/29/2014 | $35.42 | 11/5/2014 | $42.56 | 1/14/2015 | $47.50 | 3/24/2015 | $55.93 |
| 6/25/2014 | $31.28 | 9/2/2014 | $35.97 | 11/6/2014 | $43.62 | 1/15/2015 | $47.36 | 3/25/2015 | $53.63 |
| 6/26/2014 | $30.95 | 9/3/2014 | $33.51 | 11/7/2014 | $43.43 | 1/16/2015 | $50.32 | 3/26/2015 | $53.78 |
| 6/27/2014 | $31.68 | 9/4/2014 | $32.78 | 11/10/2014 | $44.79 | 1/20/2015 | $51.01 | 3/27/2015 | $54.70 |
| 6/30/2014 | $30.84 | 9/5/2014 | $32.28 | 11/11/2014 | $45.66 | 1/21/2015 | $49.56 | 3/30/2015 | $55.82 |
| 7/1/2014 | $30.90 | 9/8/2014 | $32.64 | 11/12/2014 | $43.52 | 1/22/2015 | $48.87 | 3/31/2015 | $55.28 |
| 7/2/2014 | $30.91 | 9/9/2014 | $32.70 | 11/13/2014 | $42.30 | 1/23/2015 | $48.22 | 4/1/2015 | $52.97 |
| 7/3/2014 | $31.85 | 9/10/2014 | $33.92 | 11/14/2014 | $40.88 | 1/26/2015 | $51.21 | 4/2/2015 | $51.78 |
| 7/7/2014 | $30.28 | 9/11/2014 | $34.32 | 11/17/2014 | $39.72 | 1/27/2015 | $50.98 | 4/6/2015 | $51.12 |
| 7/8/2014 | $28.24 | 9/12/2014 | $34.32 | 11/18/2014 | $40.05 | 1/28/2015 | $48.70 | 4/7/2015 | $55.19 |
| 7/9/2014 | $28.52 | 9/15/2014 | $32.96 | 11/19/2014 | $35.96 | 1/29/2015 | $49.21 | 4/8/2015 | $56.75 |
| 7/10/2014 | $28.62 | 9/16/2014 | $32.80 | 11/20/2014 | $37.83 | 1/30/2015 | $48.55 | 4/9/2015 | $55.71 |
| 7/11/2014 | $28.81 | 9/17/2014 | $34.27 | 11/21/2014 | $36.20 | 2/2/2015 | $48.34 | 4/10/2015 | $57.65 |
| 7/14/2014 | $29.55 | 9/18/2014 | $33.78 | 11/24/2014 | $35.96 | 2/3/2015 | $48.51 | 4/13/2015 | $65.16 |
| 7/15/2014 | $28.79 | 9/19/2014 | $33.17 | 11/25/2014 | $35.34 | 2/4/2015 | $47.17 | 4/14/2015 | $64.31 |
| 7/16/2014 | $27.78 | 9/22/2014 | $31.48 | 11/26/2014 | $35.90 | 2/5/2015 | $49.83 | 4/15/2015 | $69.15 |
| 7/17/2014 | $27.14 | 9/23/2014 | $30.97 | 11/28/2014 | $35.44 | 2/6/2015 | $49.47 | 4/16/2015 | $67.77 |
| 7/18/2014 | $28.03 | 9/24/2014 | $31.15 | 12/1/2014 | $34.83 | 2/9/2015 | $49.45 | 4/17/2015 | $64.16 |
| 7/21/2014 | $27.85 | 9/25/2014 | $29.81 | 12/2/2014 | $36.30 | 2/10/2015 | $51.81 | 4/20/2015 | $63.99 |
| 7/22/2014 | $27.08 | 9/26/2014 | $31.65 | 12/3/2014 | $36.33 | 2/11/2015 | $50.64 | 4/21/2015 | $64.35 |
| 7/23/2014 | $27.45 | 9/29/2014 | $35.81 | 12/4/2014 | $36.22 | 2/12/2015 | $50.70 | 4/22/2015 | $63.34 |
| 7/24/2014 | $27.56 | 9/30/2014 | $33.78 | 12/5/2014 | $38.02 | 2/13/2015 | $51.23 | 4/23/2015 | $67.22 |
| 7/25/2014 | $28.06 | 10/1/2014 | $34.54 | 12/8/2014 | $38.46 | 2/17/2015 | $54.38 | 4/24/2015 | $68.54 |
| 7/28/2014 | $27.27 | 10/2/2014 | $35.76 | 12/9/2014 | $39.82 | 2/18/2015 | $55.01 | 4/27/2015 | $62.35 |
| 7/29/2014 | $29.05 | 10/3/2014 | $36.35 | 12/10/2014 | $39.63 | 2/19/2015 | $55.98 | 4/28/2015 | $61.90 |
| 7/30/2014 | $28.66 | 10/6/2014 | $35.28 | 12/11/2014 | $40.84 | 2/20/2015 | $54.96 | 4/29/2015 | $61.43 |
| 7/31/2014 | $27.15 | 10/7/2014 | $34.84 | 12/12/2014 | $41.07 | 2/23/2015 | $54.90 | 4/30/2015 | $59.85 |
| 8/1/2014 | $27.41 | 10/8/2014 | $35.58 | 12/15/2014 | $39.61 | 2/24/2015 | $54.54 | 5/1/2015 | $61.14 |
| 8/4/2014 | $26.99 | 10/9/2014 | $35.38 | 12/16/2014 | $39.68 | 2/25/2015 | $57.01 | 5/4/2015 | $61.04 |
| 8/5/2014 | $27.67 | 10/10/2014 | $33.27 | 12/17/2014 | $41.54 | 2/26/2015 | $58.01 | 5/5/2015 | $59.37 |
| 8/6/2014 | $27.77 | 10/13/2014 | $31.84 | 12/18/2014 | $42.96 | 2/27/2015 | $56.95 | 5/6/2015 | $59.52 |
| 5/7/2015 | $58.46 | 7/15/2015 | $65.96 | 9/21/2015 | $78.54 | 11/25/2015 | $4.73 | 2/4/2016 | $3.33 |
| 5/8/2015 | $61.72 | 7/16/2015 | $65.07 | 9/22/2015 | $74.66 | 11/27/2015 | $5.23 | 2/5/2016 | $3.22 |
| 5/11/2015 | $64.48 | 7/17/2015 | $64.84 | 9/23/2015 | $74.27 | 11/30/2015 | $5.10 | 2/8/2016 | $3.05 |
| 5/12/2015 | $63.93 | 7/20/2015 | $64.10 | 9/24/2015 | $74.37 | 12/1/2015 | $5.20 | 2/9/2016 | $3.01 |

27

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 5/13/2015 | $64.05 | 7/21/2015 | $64.17 | 9/25/2015 | $69.52 | 12/2/2015 | $5.48 | 2/10/2016 | $3.08 |
| 5/14/2015 | $74.78 | 7/22/2015 | $64.07 | 9/28/2015 | $67.43 | 12/3/2015 | $5.40 | 2/11/2016 | $3.02 |
| 5/15/2015 | $69.07 | 7/23/2015 | $64.02 | 9/29/2015 | $66.31 | 12/4/2015 | $5.51 | 2/12/2016 | $3.08 |
| 5/18/2015 | $69.53 | 7/24/2015 | $61.53 | 9/30/2015 | $68.49 | 12/7/2015 | $5.17 | 2/16/2016 | $3.16 |
| 5/19/2015 | $67.91 | 7/27/2015 | $61.76 | 10/1/2015 | $68.53 | 12/8/2015 | $5.35 | 2/17/2016 | $3.22 |
| 5/20/2015 | $68.27 | 7/28/2015 | $64.60 | 10/2/2015 | $70.64 | 12/9/2015 | $5.31 | 2/18/2016 | $2.89 |
| 5/21/2015 | $67.42 | 7/29/2015 | $63.71 | 10/5/2015 | $69.71 | 12/10/2015 | $5.31 | 2/19/2016 | $2.91 |
| 5/22/2015 | $67.60 | 7/30/2015 | $62.53 | 10/6/2015 | $67.32 | 12/11/2015 | $5.18 | 2/22/2016 | $2.96 |
| 5/26/2015 | $68.68 | 7/31/2015 | $62.88 | 10/7/2015 | $68.33 | 12/14/2015 | $5.05 | 2/23/2016 | $2.86 |
| 5/27/2015 | $69.86 | 8/3/2015 | $63.79 | 10/8/2015 | $67.02 | 12/15/2015 | $5.42 | 2/24/2016 | $2.93 |
| 5/28/2015 | $67.48 | 8/4/2015 | $64.68 | 10/9/2015 | $69.71 | 12/16/2015 | $5.28 | 2/25/2016 | $2.80 |
| 5/29/2015 | $68.85 | 8/5/2015 | $64.45 | 10/12/2015 | $67.54 | 12/17/2015 | $5.41 | 2/26/2016 | $3.20 |
| 6/1/2015 | $64.80 | 8/6/2015 | $61.94 | 10/13/2015 | $67.47 | 12/18/2015 | $5.32 | 2/29/2016 | $3.02 |
| 6/2/2015 | $61.68 | 8/7/2015 | $59.98 | 10/14/2015 | $69.10 | 12/21/2015 | $5.43 | 3/1/2016 | $3.14 |
| 6/3/2015 | $62.87 | 8/10/2015 | $59.44 | 10/15/2015 | $75.58 | 12/22/2015 | $5.46 | 3/2/2016 | $3.40 |
| 6/4/2015 | $62.24 | 8/11/2015 | $58.44 | 10/16/2015 | $72.27 | 12/23/2015 | $5.49 | 3/3/2016 | $3.48 |
| 6/5/2015 | $64.04 | 8/12/2015 | $58.70 | 10/19/2015 | $73.14 | 12/24/2015 | $5.54 | 3/4/2016 | $3.50 |
| 6/8/2015 | $63.15 | 8/13/2015 | $57.53 | 10/20/2015 | $70.77 | 12/28/2015 | $5.40 | 3/7/2016 | $3.65 |
| 6/9/2015 | $63.75 | 8/14/2015 | $57.40 | 10/21/2015 | $69.12 | 12/29/2015 | $5.68 | 3/8/2016 | $3.34 |
| 6/10/2015 | $64.30 | 8/17/2015 | $59.82 | 10/22/2015 | $69.44 | 12/30/2015 | $5.58 | 3/9/2016 | $3.21 |
| 6/11/2015 | $64.91 | 8/18/2015 | $59.25 | 10/23/2015 | $71.89 | 12/31/2015 | $5.68 | 3/10/2016 | $3.08 |
| 6/12/2015 | $62.05 | 8/19/2015 | $57.06 | 10/26/2015 | $71.33 | 1/4/2016 | $5.41 | 3/11/2016 | $3.19 |
| 6/15/2015 | $63.24 | 8/20/2015 | $54.54 | 10/27/2015 | $72.90 | 1/5/2016 | $5.14 | 3/14/2016 | $3.29 |
| 6/16/2015 | $63.42 | 8/21/2015 | $54.13 | 10/28/2015 | $75.45 | 1/6/2016 | $5.00 | 3/15/2016 | $3.07 |
| 6/17/2015 | $65.82 | 8/24/2015 | $49.91 | 10/29/2015 | $74.67 | 1/7/2016 | $4.84 | 3/16/2016 | $3.07 |
| 6/18/2015 | $67.91 | 8/25/2015 | $51.76 | 10/30/2015 | $74.41 | 1/8/2016 | $4.73 | 3/17/2016 | $3.00 |
| 6/19/2015 | $69.41 | 8/26/2015 | $53.26 | 11/2/2015 | $79.10 | 1/11/2016 | $4.24 | 3/18/2016 | $3.15 |
| 6/22/2015 | $69.41 | 8/27/2015 | $56.66 | 11/3/2015 | $78.11 | 1/12/2016 | $4.45 | 3/21/2016 | $3.21 |
| 6/23/2015 | $65.78 | 8/28/2015 | $59.98 | 11/4/2015 | $78.02 | 1/13/2016 | $3.92 | 3/22/2016 | $3.34 |
| 6/24/2015 | $63.97 | 8/31/2015 | $57.99 | 11/5/2015 | $77.12 | 1/14/2016 | $3.86 | 3/23/2016 | $3.02 |
| 6/25/2015 | $64.14 | 9/1/2015 | $58.84 | 11/6/2015 | $73.90 | 1/15/2016 | $3.65 | 3/24/2016 | $3.09 |
| 6/26/2015 | $64.07 | 9/2/2015 | $62.08 | 11/9/2015 | $73.86 | 1/19/2016 | $3.54 | 3/28/2016 | $3.01 |
| 6/29/2015 | $62.42 | 9/3/2015 | $60.62 | 11/10/2015 | $78.86 | 1/20/2016 | $3.61 | 3/29/2016 | $3.22 |
| 6/30/2015 | $65.45 | 9/4/2015 | $62.43 | 11/11/2015 | $74.69 | 1/21/2016 | $3.52 | 3/30/2016 | $3.12 |
| 7/1/2015 | $63.96 | 9/8/2015 | $62.84 | 11/12/2015 | $74.04 | 1/22/2016 | $3.66 | 3/31/2016 | $3.11 |
| 7/2/2015 | $61.77 | 9/9/2015 | $71.54 | 11/13/2015 | $74.05 | 1/25/2016 | $3.73 | 4/1/2016 | $3.14 |
| 7/6/2015 | $63.18 | 9/10/2015 | $77.65 | 11/16/2015 | $4.91 | 1/26/2016 | $3.63 | 4/4/2016 | $2.80 |
| 7/7/2015 | $63.87 | 9/11/2015 | $77.53 | 11/17/2015 | $4.35 | 1/27/2016 | $3.45 | 4/5/2016 | $2.84 |
| 7/8/2015 | $58.86 | 9/14/2015 | $77.91 | 11/18/2015 | $4.38 | 1/28/2016 | $3.35 | 4/6/2016 | $3.01 |
| 7/9/2015 | $58.24 | 9/15/2015 | $80.85 | 11/19/2015 | $4.35 | 1/29/2016 | $3.39 | 4/7/2016 | $3.11 |
| 7/10/2015 | $59.60 | 9/16/2015 | $80.96 | 11/20/2015 | $4.28 | 2/1/2016 | $3.39 | | |
| 7/13/2015 | $63.02 | 9/17/2015 | $85.38 | 11/23/2015 | $4.17 | 2/2/2016 | $3.21 | | |
| 7/14/2015 | $65.16 | 9/18/2015 | $85.20 | 11/24/2015 | $4.51 | 2/3/2016 | $3.26 | | |

**TABLE 2**

**Estimated Artificial Inflation in Clovis Call Options
from May 31, 2014 through and including April 7, 2016**

| Expiration Date | Strike Price | Call Option Artificial Inflation per Share During Trading Periods | | Holding Price |
|---|---|---|---|---|
| | | May 31, 2014 – November 15, 2015 | November 16, 2015 – April 7, 2016 | |
| 11/20/2015 | $60.00 | $39.73 | $0.00 | $0.00 |
| 11/20/2015 | $65.00 | $34.88 | $0.00 | $0.00 |
| 11/20/2015 | $70.00 | $29.88 | $0.00 | $0.00 |
| 11/20/2015 | $75.00 | $24.98 | $0.00 | $0.00 |
| 11/20/2015 | $80.00 | $19.88 | $0.00 | $0.00 |
| 11/20/2015 | $85.00 | $15.18 | $0.00 | $0.00 |
| 11/20/2015 | $90.00 | $10.78 | $0.00 | $0.00 |
| 11/20/2015 | $95.00 | $6.88 | $0.00 | $0.00 |
| 11/20/2015 | $100.00 | $4.28 | $0.00 | $0.00 |
| 11/20/2015 | $105.00 | $1.95 | $0.00 | $0.00 |
| 11/20/2015 | $110.00 | $1.23 | $0.00 | $0.00 |
| 11/20/2015 | $115.00 | $1.35 | $0.00 | $0.00 |
| 11/20/2015 | $120.00 | $1.10 | $0.00 | $0.00 |
| 11/20/2015 | $125.00 | $1.05 | $0.00 | $0.00 |
| 11/20/2015 | $130.00 | $1.00 | $0.00 | $0.00 |
| 11/20/2015 | $135.00 | $0.98 | $0.00 | $0.00 |
| 11/20/2015 | $140.00 | $0.93 | $0.00 | $0.00 |
| 11/20/2015 | $145.00 | $0.90 | $0.00 | $0.00 |
| 11/20/2015 | $150.00 | $0.80 | $0.00 | $0.00 |
| 11/20/2015 | $155.00 | $0.68 | $0.00 | $0.00 |
| 11/20/2015 | $160.00 | $0.53 | $0.00 | $0.00 |
| 12/18/2015 | $50.00 | $49.18 | $0.00 | $0.00 |
| 12/18/2015 | $55.00 | $44.58 | $0.00 | $0.00 |
| 12/18/2015 | $60.00 | $39.78 | $0.00 | $0.00 |
| 12/18/2015 | $65.00 | $35.00 | $0.00 | $0.00 |
| 12/18/2015 | $70.00 | $30.53 | $0.00 | $0.00 |
| 12/18/2015 | $75.00 | $25.85 | $0.00 | $0.00 |
| 12/18/2015 | $80.00 | $21.65 | $0.00 | $0.00 |
| 12/18/2015 | $85.00 | $17.73 | $0.00 | $0.00 |
| 12/18/2015 | $90.00 | $13.93 | $0.00 | $0.00 |
| 12/18/2015 | $95.00 | $10.88 | $0.00 | $0.00 |
| 12/18/2015 | $100.00 | $8.20 | $0.00 | $0.00 |
| 12/18/2015 | $105.00 | $5.38 | $0.00 | $0.00 |
| 12/18/2015 | $110.00 | $4.18 | $0.00 | $0.00 |
| 12/18/2015 | $115.00 | $3.18 | $0.00 | $0.00 |
| 12/18/2015 | $120.00 | $2.33 | $0.00 | $0.00 |
| 12/18/2015 | $125.00 | $1.93 | $0.00 | $0.00 |
| 12/18/2015 | $130.00 | $1.65 | $0.00 | $0.00 |
| 12/18/2015 | $135.00 | $1.75 | $0.00 | $0.00 |

| | | | |
|---|---|---|---|
| 12/18/2015 | $140.00 | $1.38 | $0.00 | $0.00 |
| 12/18/2015 | $145.00 | $1.30 | $0.00 | $0.00 |
| 1/15/2016 | $22.50 | $67.35 | $0.00 | $0.00 |
| 1/15/2016 | $25.00 | $66.15 | $0.00 | $0.00 |
| 1/15/2016 | $30.00 | $64.50 | $0.00 | $0.00 |
| 1/15/2016 | $35.00 | $61.60 | $0.00 | $0.00 |
| 1/15/2016 | $40.00 | $57.80 | $0.00 | $0.00 |
| 1/15/2016 | $45.00 | $53.28 | $0.00 | $0.00 |
| 1/15/2016 | $50.00 | $48.90 | $0.00 | $0.00 |
| 1/15/2016 | $55.00 | $44.45 | $0.00 | $0.00 |
| 1/15/2016 | $60.00 | $39.95 | $0.00 | $0.00 |
| 1/15/2016 | $65.00 | $35.48 | $0.00 | $0.00 |
| 1/15/2016 | $70.00 | $31.08 | $0.00 | $0.00 |
| 1/15/2016 | $75.00 | $26.78 | $0.00 | $0.00 |
| 1/15/2016 | $80.00 | $22.85 | $0.00 | $0.00 |
| 1/15/2016 | $85.00 | $19.28 | $0.00 | $0.00 |
| 1/15/2016 | $90.00 | $15.98 | $0.00 | $0.00 |
| 1/15/2016 | $95.00 | $12.80 | $0.00 | $0.00 |
| 1/15/2016 | $100.00 | $9.80 | $0.00 | $0.00 |
| 1/15/2016 | $105.00 | $7.78 | $0.00 | $0.00 |
| 1/15/2016 | $110.00 | $5.98 | $0.00 | $0.00 |
| 1/15/2016 | $115.00 | $4.90 | $0.00 | $0.00 |
| 1/15/2016 | $120.00 | $3.55 | $0.00 | $0.00 |
| 1/15/2016 | $125.00 | $2.85 | $0.00 | $0.00 |
| 1/15/2016 | $130.00 | $2.38 | $0.00 | $0.00 |
| 1/15/2016 | $135.00 | $1.55 | $0.00 | $0.00 |
| 1/15/2016 | $140.00 | $1.45 | $0.00 | $0.00 |
| 1/15/2016 | $145.00 | $1.28 | $0.00 | $0.00 |
| 1/15/2016 | $150.00 | $1.08 | $0.00 | $0.00 |
| 1/15/2016 | $155.00 | $1.33 | $0.00 | $0.00 |
| 1/15/2016 | $160.00 | $1.10 | $0.00 | $0.00 |
| 1/15/2016 | $165.00 | $1.08 | $0.00 | $0.00 |
| 1/15/2016 | $170.00 | $1.08 | $0.00 | $0.00 |
| 4/15/2016 | $10.00 | $0.00 | $3.28 | $6.30 |
| 4/15/2016 | $12.50 | $0.00 | $2.78 | $4.65 |
| 4/15/2016 | $15.00 | $0.00 | $2.49 | $2.98 |
| 4/15/2016 | $17.50 | $0.00 | $2.20 | $1.95 |
| 4/15/2016 | $20.00 | $0.00 | $1.57 | $1.33 |
| 4/15/2016 | $22.50 | $0.00 | $1.12 | $0.95 |
| 4/15/2016 | $25.00 | $0.00 | $0.90 | $0.55 |
| 4/15/2016 | $30.00 | $0.00 | $0.36 | $0.25 |
| 4/15/2016 | $35.00 | $0.00 | $0.09 | $0.13 |
| 4/15/2016 | $40.00 | $55.42 | $0.07 | $0.03 |
| 4/15/2016 | $45.00 | $51.61 | $0.11 | $0.13 |
| 4/15/2016 | $50.00 | $47.72 | $0.07 | $0.08 |
| 4/15/2016 | $55.00 | $44.08 | $0.00 | $0.08 |
| 4/15/2016 | $60.00 | $40.12 | $0.02 | $0.08 |
| 4/15/2016 | $65.00 | $36.85 | $0.00 | $0.08 |

| | | | |
|---|---|---|---|
| 4/15/2016 | $70.00 | $33.00 | $0.00 | $0.08 |
| 4/15/2016 | $75.00 | $29.55 | $0.00 | $0.08 |
| 4/15/2016 | $80.00 | $26.40 | $0.02 | $0.05 |
| 4/15/2016 | $85.00 | $23.30 | $0.00 | $0.08 |
| 4/15/2016 | $90.00 | $20.60 | $0.02 | $0.05 |
| 4/15/2016 | $95.00 | $17.65 | $0.00 | $0.08 |
| 4/15/2016 | $100.00 | $15.37 | $0.02 | $0.05 |
| 4/15/2016 | $105.00 | $13.18 | $0.00 | $0.08 |
| 4/15/2016 | $110.00 | $11.58 | $0.00 | $0.08 |
| 4/15/2016 | $115.00 | $9.45 | $0.00 | $0.08 |
| 4/15/2016 | $120.00 | $8.23 | $0.00 | $0.08 |
| 4/15/2016 | $125.00 | $7.10 | $0.00 | $0.08 |
| 4/15/2016 | $130.00 | $5.98 | $0.00 | $0.08 |
| 4/15/2016 | $135.00 | $5.03 | $0.00 | $0.08 |
| 4/15/2016 | $140.00 | $4.25 | $0.00 | $0.08 |
| 4/15/2016 | $145.00 | $3.48 | $0.00 | $0.08 |
| 4/15/2016 | $150.00 | $2.50 | $0.00 | $0.08 |
| 4/15/2016 | $155.00 | $2.13 | $0.00 | $0.08 |
| 4/15/2016 | $160.00 | $1.65 | $0.00 | $0.08 |
| 4/15/2016 | $165.00 | $0.88 | $0.00 | $0.08 |
| 4/15/2016 | $170.00 | $1.90 | $0.00 | $0.08 |
| 5/20/2016 | $2.50 | $0.00 | $3.01 | $13.70 |
| 5/20/2016 | $5.00 | $0.00 | $3.10 | $11.20 |
| 5/20/2016 | $7.50 | $0.00 | $3.10 | $8.85 |
| 5/20/2016 | $10.00 | $0.00 | $3.01 | $7.00 |
| 5/20/2016 | $12.50 | $0.00 | $2.74 | $5.40 |
| 5/20/2016 | $15.00 | $0.00 | $2.83 | $3.65 |
| 5/20/2016 | $17.50 | $0.00 | $2.29 | $2.50 |
| 5/20/2016 | $20.00 | $0.00 | $1.89 | $1.80 |
| 5/20/2016 | $22.50 | $0.00 | $1.75 | $1.13 |
| 5/20/2016 | $25.00 | $0.00 | $1.21 | $0.88 |
| 5/20/2016 | $30.00 | $0.00 | $0.54 | $0.43 |
| 5/20/2016 | $35.00 | $0.00 | $0.22 | $0.28 |
| 7/15/2016 | $2.50 | $0.00 | $2.69 | $14.10 |
| 7/15/2016 | $5.00 | $0.00 | $2.56 | $11.90 |
| 7/15/2016 | $7.50 | $0.00 | $2.47 | $9.90 |
| 7/15/2016 | $10.00 | $0.00 | $2.56 | $7.80 |
| 7/15/2016 | $12.50 | $0.00 | $2.60 | $6.25 |
| 7/15/2016 | $15.00 | $0.00 | $2.42 | $5.00 |
| 7/15/2016 | $17.50 | $0.00 | $2.29 | $3.75 |
| 7/15/2016 | $20.00 | $0.00 | $2.27 | $2.78 |
| 7/15/2016 | $22.50 | $0.00 | $1.84 | $2.25 |
| 7/15/2016 | $25.00 | $0.00 | $1.62 | $1.68 |
| 7/15/2016 | $30.00 | $0.00 | $0.65 | $1.45 |
| 7/15/2016 | $35.00 | $0.00 | $0.22 | $1.03 |
| 10/21/2016 | $2.50 | $0.00 | $2.69 | $14.10 |
| 10/21/2016 | $5.00 | $0.00 | $2.51 | $12.15 |
| 10/21/2016 | $7.50 | $0.00 | $2.42 | $10.35 |

| | | | |
|---|---|---|---|
| 10/21/2016 | $10.00 | $0.00 | $2.56 | $8.35 |
| 10/21/2016 | $12.50 | $0.00 | $2.60 | $7.05 |
| 10/21/2016 | $15.00 | $0.00 | $2.33 | $6.00 |
| 10/21/2016 | $17.50 | $0.00 | $2.42 | $4.70 |
| 10/21/2016 | $20.00 | $0.00 | $1.98 | $4.10 |
| 10/21/2016 | $22.50 | $0.00 | $1.50 | $3.78 |
| 10/21/2016 | $25.00 | $0.00 | $1.21 | $3.25 |
| 10/21/2016 | $30.00 | $0.00 | $1.39 | $1.85 |
| 10/21/2016 | $35.00 | $0.00 | $0.20 | $1.98 |
| 1/20/2016 | $2.50 | $0.00 | $2.65 | $14.20 |
| 1/20/2016 | $5.00 | $0.00 | $2.15 | $12.50 |
| 1/20/2016 | $7.50 | $0.00 | $1.98 | $10.95 |
| 1/20/2016 | $10.00 | $0.00 | $2.38 | $8.80 |
| 1/20/2016 | $12.50 | $0.00 | $2.51 | $7.55 |
| 1/20/2016 | $15.00 | $0.00 | $2.07 | $6.55 |
| 1/20/2016 | $17.50 | $0.00 | $2.60 | $5.30 |
| 1/20/2016 | $20.00 | $0.00 | $2.11 | $4.65 |
| 1/20/2016 | $22.50 | $0.00 | $1.66 | $4.45 |
| 1/20/2016 | $25.00 | $63.78 | $1.68 | $3.58 |
| 1/20/2016 | $30.00 | $61.62 | $1.57 | $2.45 |
| 1/20/2016 | $35.00 | $58.49 | $1.59 | $2.13 |
| 1/20/2016 | $40.00 | $55.31 | $1.21 | $1.65 |
| 1/20/2016 | $45.00 | $51.41 | $0.31 | $1.83 |
| 1/20/2016 | $50.00 | $48.46 | $0.61 | $0.95 |
| 1/20/2016 | $55.00 | $45.40 | $0.00 | $1.28 |
| 1/20/2016 | $60.00 | $43.02 | $0.52 | $0.63 |
| 1/20/2016 | $65.00 | $39.61 | $0.11 | $0.85 |
| 1/20/2016 | $70.00 | $37.05 | $0.00 | $0.70 |
| 1/20/2016 | $75.00 | $33.85 | $0.00 | $0.65 |
| 1/20/2016 | $80.00 | $31.49 | $0.31 | $0.68 |
| 1/20/2016 | $85.00 | $29.35 | $0.00 | $0.63 |
| 1/20/2016 | $90.00 | $25.85 | $0.00 | $0.58 |
| 1/20/2016 | $95.00 | $24.85 | $0.00 | $0.50 |
| 1/20/2016 | $100.00 | $22.59 | $0.27 | $0.13 |
| 1/20/2016 | $105.00 | $20.41 | $0.11 | $0.43 |
| 1/20/2016 | $110.00 | $18.42 | $0.04 | $0.35 |
| 1/20/2016 | $115.00 | $16.83 | $0.13 | $0.35 |
| 1/20/2016 | $120.00 | $14.96 | $0.16 | $0.35 |
| 1/20/2016 | $125.00 | $13.88 | $0.20 | $0.28 |
| 1/20/2016 | $130.00 | $12.40 | $0.18 | $0.25 |
| 1/20/2016 | $135.00 | $10.71 | $0.16 | $0.25 |
| 1/20/2016 | $140.00 | $9.86 | $0.11 | $0.23 |
| 1/20/2016 | $145.00 | $8.11 | $0.16 | $0.20 |
| 1/20/2016 | $150.00 | $7.21 | $0.13 | $0.20 |
| 1/20/2016 | $155.00 | $6.71 | $0.13 | $0.18 |
| 1/20/2016 | $160.00 | $4.99 | $0.11 | $0.18 |
| 1/20/2016 | $165.00 | $4.44 | $0.11 | $0.15 |
| 1/20/2016 | $170.00 | $3.46 | $0.09 | $0.15 |

**TABLE 3**

**Estimated Artificial Deflation in Clovis Put Options
from May 31, 2014 through and including April 7, 2016**

| Expiration Date | Strike Price | Put Option Artificial Deflation per Share During Trading Periods | | Holding Price |
|---|---|---|---|---|
| | | May 31, 2014 – November 15, 2015 | November 16, 2015 – April 7, 2016 | |
| 11/20/2015 | $60.00 | $28.95 | $0.00 | $0.00 |
| 11/20/2015 | $65.00 | $33.23 | $0.00 | $0.00 |
| 11/20/2015 | $70.00 | $38.03 | $0.00 | $0.00 |
| 11/20/2015 | $75.00 | $43.03 | $0.00 | $0.00 |
| 11/20/2015 | $80.00 | $48.73 | $0.00 | $0.00 |
| 11/20/2015 | $85.00 | $53.20 | $0.00 | $0.00 |
| 11/20/2015 | $90.00 | $57.83 | $0.00 | $0.00 |
| 11/20/2015 | $95.00 | $61.45 | $0.00 | $0.00 |
| 11/20/2015 | $100.00 | $64.45 | $0.00 | $0.00 |
| 11/20/2015 | $105.00 | $66.70 | $0.00 | $0.00 |
| 11/20/2015 | $110.00 | $67.70 | $0.00 | $0.00 |
| 11/20/2015 | $115.00 | $68.60 | $0.00 | $0.00 |
| 11/20/2015 | $120.00 | $68.75 | $0.00 | $0.00 |
| 11/20/2015 | $125.00 | $68.75 | $0.00 | $0.00 |
| 11/20/2015 | $130.00 | $69.20 | $0.00 | $0.00 |
| 11/20/2015 | $135.00 | $69.00 | $0.00 | $0.00 |
| 11/20/2015 | $140.00 | $69.10 | $0.00 | $0.00 |
| 11/20/2015 | $145.00 | $69.10 | $0.00 | $0.00 |
| 11/20/2015 | $150.00 | $68.90 | $0.00 | $0.00 |
| 11/20/2015 | $155.00 | $69.10 | $0.00 | $0.00 |
| 11/20/2015 | $160.00 | $68.90 | $0.00 | $0.00 |
| 12/18/2015 | $50.00 | $18.55 | $0.00 | $0.00 |
| 12/18/2015 | $55.00 | $23.38 | $0.00 | $0.00 |
| 12/18/2015 | $60.00 | $28.25 | $0.00 | $0.00 |
| 12/18/2015 | $65.00 | $32.70 | $0.00 | $0.00 |
| 12/18/2015 | $70.00 | $37.53 | $0.00 | $0.00 |
| 12/18/2015 | $75.00 | $42.48 | $0.00 | $0.00 |
| 12/18/2015 | $80.00 | $46.95 | $0.00 | $0.00 |
| 12/18/2015 | $85.00 | $50.70 | $0.00 | $0.00 |
| 12/18/2015 | $90.00 | $55.00 | $0.00 | $0.00 |
| 12/18/2015 | $95.00 | $57.45 | $0.00 | $0.00 |
| 12/18/2015 | $100.00 | $60.40 | $0.00 | $0.00 |
| 12/18/2015 | $105.00 | $63.10 | $0.00 | $0.00 |
| 12/18/2015 | $110.00 | $64.10 | $0.00 | $0.00 |
| 12/18/2015 | $115.00 | $66.10 | $0.00 | $0.00 |
| 12/18/2015 | $120.00 | $66.40 | $0.00 | $0.00 |
| 12/18/2015 | $125.00 | $67.30 | $0.00 | $0.00 |
| 12/18/2015 | $130.00 | $67.80 | $0.00 | $0.00 |
| 12/18/2015 | $135.00 | $67.95 | $0.00 | $0.00 |

| 12/18/2015 | $140.00 | $68.20 | $0.00 | $0.00 |
| 12/18/2015 | $145.00 | $68.50 | $0.00 | $0.00 |
| 1/15/2016 | $22.50 | $1.45 | $0.00 | $0.00 |
| 1/15/2016 | $25.00 | $2.20 | $0.00 | $0.00 |
| 1/15/2016 | $30.00 | $4.45 | $0.00 | $0.00 |
| 1/15/2016 | $35.00 | $7.80 | $0.00 | $0.00 |
| 1/15/2016 | $40.00 | $10.90 | $0.00 | $0.00 |
| 1/15/2016 | $45.00 | $14.55 | $0.00 | $0.00 |
| 1/15/2016 | $50.00 | $19.95 | $0.00 | $0.00 |
| 1/15/2016 | $55.00 | $23.25 | $0.00 | $0.00 |
| 1/15/2016 | $60.00 | $27.73 | $0.00 | $0.00 |
| 1/15/2016 | $65.00 | $32.60 | $0.00 | $0.00 |
| 1/15/2016 | $70.00 | $37.85 | $0.00 | $0.00 |
| 1/15/2016 | $75.00 | $41.30 | $0.00 | $0.00 |
| 1/15/2016 | $80.00 | $45.20 | $0.00 | $0.00 |
| 1/15/2016 | $85.00 | $49.10 | $0.00 | $0.00 |
| 1/15/2016 | $90.00 | $52.50 | $0.00 | $0.00 |
| 1/15/2016 | $95.00 | $55.80 | $0.00 | $0.00 |
| 1/15/2016 | $100.00 | $58.70 | $0.00 | $0.00 |
| 1/15/2016 | $105.00 | $60.45 | $0.00 | $0.00 |
| 1/15/2016 | $110.00 | $62.55 | $0.00 | $0.00 |
| 1/15/2016 | $115.00 | $64.10 | $0.00 | $0.00 |
| 1/15/2016 | $120.00 | $65.40 | $0.00 | $0.00 |
| 1/15/2016 | $125.00 | $66.45 | $0.00 | $0.00 |
| 1/15/2016 | $130.00 | $67.00 | $0.00 | $0.00 |
| 1/15/2016 | $135.00 | $67.45 | $0.00 | $0.00 |
| 1/15/2016 | $140.00 | $68.05 | $0.00 | $0.00 |
| 1/15/2016 | $145.00 | $68.30 | $0.00 | $0.00 |
| 1/15/2016 | $150.00 | $68.50 | $0.00 | $0.00 |
| 1/15/2016 | $155.00 | $68.55 | $0.00 | $0.00 |
| 1/15/2016 | $160.00 | $68.80 | $0.00 | $0.00 |
| 1/15/2016 | $165.00 | $68.90 | $0.00 | $0.00 |
| 1/15/2016 | $170.00 | $68.90 | $0.00 | $0.00 |
| 4/15/2016 | $12.50 | $0.00 | $0.07 | $0.90 |
| 4/15/2016 | $15.00 | $0.00 | $0.31 | $2.00 |
| 4/15/2016 | $17.50 | $0.00 | $0.83 | $3.55 |
| 4/15/2016 | $20.00 | $0.00 | $1.26 | $5.35 |
| 4/15/2016 | $22.50 | $0.00 | $1.44 | $6.85 |
| 4/15/2016 | $25.00 | $0.00 | $2.02 | $9.25 |
| 4/15/2016 | $30.00 | $0.00 | $2.42 | $13.70 |
| 4/15/2016 | $35.00 | $0.00 | $2.51 | $18.55 |
| 4/15/2016 | $40.00 | $14.80 | $2.60 | $23.50 |
| 4/15/2016 | $45.00 | $18.79 | $2.69 | $28.45 |
| 4/15/2016 | $50.00 | $22.41 | $2.74 | $33.40 |
| 4/15/2016 | $55.00 | $26.93 | $2.78 | $38.50 |
| 4/15/2016 | $60.00 | $31.20 | $3.05 | $43.70 |
| 4/15/2016 | $65.00 | $35.04 | $3.14 | $48.80 |
| 4/15/2016 | $70.00 | $37.83 | $2.78 | $53.40 |

| 4/15/2016 | $75.00 | $41.37 | $2.87 | $58.50 |
|---|---|---|---|---|
| 4/15/2016 | $80.00 | $44.68 | $2.78 | $63.40 |
| 4/15/2016 | $85.00 | $47.92 | $2.87 | $68.50 |
| 4/15/2016 | $90.00 | $51.05 | $3.10 | $73.75 |
| 4/15/2016 | $95.00 | $54.23 | $2.78 | $78.40 |
| 4/15/2016 | $100.00 | $56.90 | $3.10 | $83.75 |
| 4/15/2016 | $105.00 | $58.38 | $2.78 | $88.40 |
| 4/15/2016 | $110.00 | $61.27 | $3.32 | $94.00 |
| 4/15/2016 | $115.00 | $62.61 | $3.01 | $98.65 |
| 4/15/2016 | $120.00 | $64.31 | $2.96 | $103.60 |
| 4/15/2016 | $125.00 | $65.31 | $2.96 | $108.60 |
| 4/15/2016 | $130.00 | $66.98 | $3.28 | $113.95 |
| 4/15/2016 | $135.00 | $67.66 | $2.96 | $118.60 |
| 4/15/2016 | $140.00 | $68.39 | $3.14 | $123.80 |
| 4/15/2016 | $145.00 | $69.16 | $2.96 | $128.60 |
| 4/15/2016 | $150.00 | $69.85 | $3.05 | $133.70 |
| 4/15/2016 | $155.00 | $70.05 | $3.05 | $138.70 |
| 4/15/2016 | $160.00 | $70.70 | $3.10 | $143.75 |
| 4/15/2016 | $165.00 | $71.52 | $3.37 | $149.15 |
| 4/15/2016 | $170.00 | $71.46 | $2.96 | $153.70 |
| 5/20/2016 | $5.00 | $0.00 | $0.02 | $0.28 |
| 5/20/2016 | $10.00 | $0.00 | $0.11 | $0.83 |
| 5/20/2016 | $12.50 | $0.00 | $0.27 | $1.63 |
| 5/20/2016 | $15.00 | $0.00 | $0.54 | $2.65 |
| 5/20/2016 | $17.50 | $0.00 | $0.58 | $3.95 |
| 5/20/2016 | $20.00 | $0.00 | $1.03 | $5.85 |
| 5/20/2016 | $22.50 | $0.00 | $1.08 | $7.40 |
| 5/20/2016 | $25.00 | $0.00 | $1.89 | $9.75 |
| 5/20/2016 | $30.00 | $0.00 | $1.98 | $13.95 |
| 5/20/2016 | $35.00 | $0.00 | $2.24 | $18.65 |
| 7/15/2016 | $2.50 | $0.00 | $0.02 | $0.18 |
| 7/15/2016 | $7.50 | $0.00 | $0.09 | $0.85 |
| 7/15/2016 | $10.00 | $0.00 | $0.09 | $1.20 |
| 7/15/2016 | $12.50 | $0.00 | $0.29 | $2.23 |
| 7/15/2016 | $15.00 | $0.00 | $0.43 | $3.60 |
| 7/15/2016 | $17.50 | $0.00 | $0.63 | $5.10 |
| 7/15/2016 | $20.00 | $0.00 | $0.94 | $6.80 |
| 7/15/2016 | $22.50 | $0.00 | $1.08 | $8.45 |
| 7/15/2016 | $25.00 | $0.00 | $1.21 | $10.35 |
| 7/15/2016 | $30.00 | $0.00 | $1.53 | $14.60 |
| 7/15/2016 | $35.00 | $0.00 | $1.84 | $19.10 |
| 7/15/2016 | $40.00 | $0.00 | $2.07 | $23.65 |
| 7/15/2016 | $45.00 | $0.00 | $2.15 | $28.45 |
| 10/21/2016 | $7.50 | $0.00 | $0.20 | $1.15 |
| 10/21/2016 | $10.00 | $0.00 | $0.18 | $2.15 |
| 10/21/2016 | $12.50 | $0.00 | $0.43 | $3.30 |
| 10/21/2016 | $15.00 | $0.00 | $0.49 | $4.50 |
| 10/21/2016 | $17.50 | $0.00 | $0.58 | $5.95 |

| | | | |
|---|---|---|---|
| 10/21/2016 | $20.00 | $0.00 | $0.45 | $7.55 |
| 10/21/2016 | $22.50 | $0.00 | $0.85 | $9.45 |
| 10/21/2016 | $25.00 | $0.00 | $0.72 | $11.20 |
| 10/21/2016 | $30.00 | $0.00 | $1.12 | $15.35 |
| 10/21/2016 | $35.00 | $0.00 | $1.48 | $19.80 |
| 1/20/2016 | $7.50 | $0.00 | $0.13 | $1.50 |
| 1/20/2016 | $10.00 | $0.00 | $0.36 | $2.58 |
| 1/20/2016 | $12.50 | $0.00 | $0.22 | $3.85 |
| 1/20/2016 | $15.00 | $0.00 | $0.49 | $5.10 |
| 1/20/2016 | $17.50 | $0.00 | $0.31 | $6.60 |
| 1/20/2016 | $20.00 | $0.00 | $1.08 | $8.65 |
| 1/20/2016 | $22.50 | $0.00 | $0.63 | $10.15 |
| 1/20/2016 | $25.00 | $6.86 | $0.99 | $12.00 |
| 1/20/2016 | $30.00 | $8.68 | $0.85 | $16.00 |
| 1/20/2016 | $35.00 | $12.56 | $1.44 | $20.55 |
| 1/20/2016 | $40.00 | $15.67 | $1.17 | $24.75 |
| 1/20/2016 | $45.00 | $18.79 | $1.44 | $29.40 |
| 1/20/2016 | $50.00 | $22.00 | $1.75 | $34.35 |
| 1/20/2016 | $55.00 | $25.05 | $1.80 | $38.90 |
| 1/20/2016 | $60.00 | $28.21 | $2.11 | $44.05 |
| 1/20/2016 | $65.00 | $30.87 | $2.07 | $48.75 |
| 1/20/2016 | $70.00 | $34.21 | $2.51 | $53.60 |
| 1/20/2016 | $75.00 | $36.95 | $2.60 | $58.55 |
| 1/20/2016 | $80.00 | $39.59 | $2.69 | $63.55 |
| 1/20/2016 | $85.00 | $41.67 | $2.42 | $68.60 |
| 1/20/2016 | $90.00 | $44.63 | $2.78 | $73.55 |
| 1/20/2016 | $95.00 | $46.63 | $2.83 | $78.50 |
| 1/20/2016 | $100.00 | $48.90 | $2.60 | $83.40 |
| 1/20/2016 | $105.00 | $51.38 | $2.83 | $88.50 |
| 1/20/2016 | $110.00 | $53.18 | $2.83 | $93.75 |
| 1/20/2016 | $115.00 | $55.40 | $3.10 | $98.75 |
| 1/20/2016 | $120.00 | $56.64 | $2.69 | $103.45 |
| 1/20/2016 | $125.00 | $58.47 | $2.87 | $108.50 |
| 1/20/2016 | $130.00 | $60.32 | $2.92 | $113.55 |
| 1/20/2016 | $135.00 | $61.15 | $2.65 | $118.55 |
| 1/20/2016 | $140.00 | $62.62 | $2.92 | $123.55 |
| 1/20/2016 | $145.00 | $64.12 | $2.87 | $128.50 |
| 1/20/2016 | $150.00 | $64.78 | $2.78 | $133.40 |
| 1/20/2016 | $155.00 | $66.22 | $2.92 | $138.55 |
| 1/20/2016 | $160.00 | $68.01 | $3.46 | $144.15 |
| 1/20/2016 | $165.00 | $68.36 | $2.96 | $149.15 |
| 1/20/2016 | $170.00 | $69.06 | $2.96 | $154.15 |

# EXHIBIT 2

**Exhibit 2**

**Clovis Securities Litigation**
**c/o Epiq Systems**
**PO Box 3127**
**Portland, OR 97208-3127**
**Toll-Free Number: 1-888-697-8556**
**Email: info@ClovisSecuritiesLitigation.com**
**Settlement Website: www.ClovisSecuritiesLitigation.com**

# PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by first-class mail to the above address, **postmarked no later than _____, 2017**.

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive a payment from the proceeds of the Settlement.

**Do not mail or deliver your Claim Form to the Court, the parties to the Action, or their counsel.  Submit your Claim Form only to the Claims Administrator at the address set forth above.**

| **TABLE OF CONTENTS** | **PAGE #** |
|---|---|
| **PART I – CLAIMANT INFORMATION** | \_\_ |
| **PART II – GENERAL INSTRUCTIONS** | \_\_ |
| **PART III – SCHEDULE OF TRANSACTIONS IN CLOVIS COMMON STOCK** | \_\_ |
| **PART III – SCHEDULE OF TRANSACTIONS IN CLOVIS CALL OPTIONS** | \_\_ |
| **PART III – SCHEDULE OF TRANSACTIONS IN CLOVIS PUT OPTIONS** | \_\_ |
| **PART IV – RELEASE OF CLAIMS AND SIGNATURE** | \_\_ |

# PART I – CLAIMANT IDENTIFICATION

**Please read this PART I carefully. Please complete this PART I in its entirety, including page [_ ], Part I: Claimant Identification (Continued). Failure to do so will result in your ineligibility to receive the Settlement Shares portion of the Settlement Fund that you otherwise may be entitled to. The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above.**

**Please Note:** The Name of the Beneficial Owner must be written exactly as it appears in the Beneficial Owner's securities account. Use of initials only (*e.g.*, use of J.G. Doe for account name John George Doe) is not acceptable. This Claim Form should include all transactions made by the Beneficial Owner, no matter how many separate accounts that Beneficial Owner has.

Beneficial Owner's First Name

Beneficial Owner's Last Name

Co-Beneficial Owner's First Name

Co-Beneficial Owner's Last Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address1 (street name and number)

Address2 (apartment, unit or box number)

City                     State   Zip Code

Country

Last four digits of Social Security Number or Taxpayer Identification Number

Telephone Number (home)          Telephone Number (work)

Email address (E-mail address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.):

Account Number (where securities were traded)[1]:

---

[1] If the account number is unknown, you may leave blank. If filing for more than one account for the same legal entity you may write "multiple." Please see paragraph 7 below for more information on when to file separate Claim Forms for multiple accounts.

| | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

Claimant Account Type (check appropriate box):

☐   Individual (includes joint owner accounts)      ☐   Pension Plan          ☐   Trust

☐   Corporation                                     ☐   Estate

☐   IRA/401K                                        ☐   Other _____ (please specify)

## PART I – CLAIMANT IDENTIFICATION (CONTINUED)

**Please complete the appropriate Section below that describes the beneficial owner(s)' account(s) included in this Claim Form. You may only complete one Section below. In the appropriate Section, please print the full name of the beneficial owner(s) exactly as it appears in the securities account. Failure to complete the appropriate Section below in its entirety will result in your ineligibility to receive the Settlement Shares portion of the Settlement Fund that you otherwise may be entitled to.**

**Section A. Individual/Sole Proprietor.** *Please indicate whether an individual or sole proprietor.*

○ Individual

○ Sole Proprietor

**Name:**

**Section B. Joint Ownership.** *Please indicate the type of tenancy.*

○ Joint Tenants – Jt Ten
 (includes right of survivorship – JTWROS)

○ Tenants in Common – Ten Com

○ Tenants by Entireties – Ten Ent

**Name(s):**

**Section C. Retirement Accounts.** *Please indicate the type of retirement account.*

○ IRA

○ Roth IRA

○ Keough
 (Defined Benefit Plan or Defined Contribution Plan)

○ Other (please describe) _____

**Custodian:**

**Beneficiary:**

**Section D. Private or Public Entity.** *Please indicate the entity type.*

○ Corporation

○ Pension Fund

○ Partnership

○ Limited Liability Company

○ Non-Profit Organization

○ Foundation

○ Other (please describe)_____

**Name:**

**Section E. Custodianships.** *Please indicate the type of custodianship.*

○ UGMA

○ UTMA

**Custodian:**    **State:**

**Minor:**

**Section F. Under Trust Agreements.** *Please indicate the name(s) of the Trustee(s), the name of the Trust, the name(s) of the beneficiary(ies) of the Trust, and the date of the Trust Agreement in the space provided below.*

Name(s) of Trustee(s):

Name of Trust:

Name(s) of the Beneficiary(ies)

Date of Trust Agreement:

_____ / _____ /

Page 4

# PART II – GENERAL INSTRUCTIONS

1.      It is important that you completely read and understand the Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice. The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2.      This Claim Form is directed to all persons and entities that purchased or acquired Clovis common stock or exchange traded call options on Clovis common stock ("Clovis Call Options"), or sold exchange traded put options on Clovis common stock ("Clovis Put Options"), during the period between May 31, 2014 and April 7, 2016, inclusive (the "Settlement Class Period"), and were damaged thereby (the "Settlement Class"). Certain persons and entities are excluded from the Settlement Class by definition as set forth in paragraph 24 of the Notice. Clovis common stock, Clovis Call Options, and Clovis Put Options are referred to collectively as the "Clovis Securities."

3.      By submitting this Claim Form, you will be making a request to share in the proceeds of the Settlement described in the Notice. IF YOU ARE NOT A SETTLEMENT CLASS MEMBER (see the definition of the Settlement Class in paragraph 24 of the Notice, which sets forth who is included in and who is excluded from the Settlement Class), OR IF YOU, OR SOMEONE ACTING ON YOUR BEHALF, SUBMITTED A REQUEST FOR EXCLUSION FROM THE SETTLEMENT CLASS, DO NOT SUBMIT A CLAIM FORM. **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A SETTLEMENT CLASS MEMBER.** THUS, IF YOU ARE EXCLUDED FROM THE SETTLEMENT CLASS, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

4.      **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

5.      <u>**SECURITIES TRANSFER INFORMATION.**</u> The proceeds of the proposed Settlement, if approved, will include shares of Clovis common stock (the "Settlement Shares"). The Settlement Shares, less any Settlement Shares awarded to Plaintiffs' Counsel, are referred to as the "Class Settlement Shares". Subject to Court approval, Lead Counsel will have the right to decide, in its sole discretion, whether to (i) distribute the Class Settlement Shares to Settlement Class Members who submit claims that are approved for payment by the Court ("Authorized Claimants") or (ii) sell all or any portion of the Class Settlement Shares and distribute the net cash proceeds from the sale of the shares to Authorized Claimants. If Settlement Shares are distributed, in order to receive any shares to which you may be eligible, you must provide information sufficient to post the shares to an account on the Direct Registration System maintained by [_____]. Failure to provide the information requested may lead to forfeiture of the Settlement Shares to which you might otherwise be eligible.

6. **IDENTIFICATION OF CLAIMANT(S).** Use Part I of this Claim Form entitled "CLAIMANT INFORMATION" to identify the beneficial owner(s) of Clovis common stock. If you purchased or otherwise acquired Clovis common stock or Clovis Call Options, or sold Clovis Put Options, during the Settlement Class Period and held the securities in your name, you are the beneficial owner as well as the record owner and you must sign this Claim Form to participate in the Settlement. If, however, you purchased or otherwise acquired Clovis common stock or Clovis Call Options, or sold Clovis Put Options, during the Settlement Class Period and the securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these shares, but the third party is the record owner. The beneficial owner, not the record owner, must sign this Claim Form. Also, all joint beneficial owners must each sign this Claim Form and their names must appear as "Claimants" in Part I of this Claim Form.

7. Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

8. Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

    (a)    expressly state the capacity in which they are acting;

    (b)    identify the name, account number, Social Security Number (or taxpayer identification number), address and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Clovis Securities; and

    (c)    furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

9. **IDENTIFICATION OF TRANSACTION(S).** Use the "SCHEDULES OF TRANSACTIONS" in Parts III to V of this Claim Form to supply all required details of your transaction(s) (including free transfers and deliveries) in and holdings of the applicable Clovis Securities. On these schedules, please provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of the applicable Clovis Securities, whether such transactions resulted in a profit or a loss. **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

10. You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of the applicable Clovis Securities set forth in the SCHEDULES OF TRANSACTIONS in Part III to V of this Claim Form. Documentation may consist of copies of brokerage confirmations or monthly statements. Please note that monthly statements may not be sufficient to provide the required support to demonstrate that your shares of Clovis common stock were purchased pursuant to or traceable to Clovis' secondary offering of common stock that occurred on or about July 14, 2015 (the "Secondary Offering". In order to establish that shares of Clovis common stock were purchased pursuant to or are traceable to the Secondary Offering, you may have to provide the confirmation slips for such purchases. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized

Page 6

statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement.  The Parties, including Clovis, and the Claims Administrator do not independently have information about your investments in Clovis Securities.  IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER.  FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM.  DO NOT SEND ORIGINAL DOCUMENTS.  **Please keep a copy of all documents that you send to the Claims Administrator.  Also, please do not highlight any portion of the Claim Form or any supporting documents.**

11.     By submitting a signed Claim Form, you will be swearing that you:

(a)     owned the Clovis Securities you have listed in the Claim Form; or

(b)     are expressly authorized to act on behalf of the owner thereof.

12.     By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America.  The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

13.     If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing.  The claims process will take substantial time to complete fully and fairly.  Please be patient.

14.     **PLEASE NOTE:**  As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her or its *pro rata* share of the Net Settlement Fund.  No cash payments for less than $10.00 will be made. In the event of a distribution of Settlement Shares, no fractional Settlement Shares will be issued.

15.     If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, Epiq Systems, at the above address, by email at info@ClovisSecuritiesLitigation.com, or by toll-free phone at 1-888-697-8556, or you can visit the Settlement website, www.ClovisSecuritiesLitigation.com, where copies of the Claim Form and Notice are available for downloading.

16.     NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the mandatory electronic filing requirements and file layout, you may visit the settlement website at www.ClovisSecuritiesLitigation.com or you may email the Claims Administrator's electronic filing department at info@ClovisSecuritiesLitigation.com.  Any file not in accordance with the required electronic filing format will be subject to rejection.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to that effect after processing your file with your claim numbers and respective account information.  **Do not assume that your file has been received or processed until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at info@ClovisSecuritiesLitigation.com to inquire about your file and confirm it was received and acceptable.**

### IMPORTANT: PLEASE NOTE

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD.  THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL, WITHIN 60 DAYS.   IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, PLEASE CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT 1-888-697-8556.**

## PART III – SCHEDULE OF TRANSACTIONS IN CLOVIS COMMON STOCK

Complete this Part III if and only if you purchased or otherwise acquired Clovis common stock during the period from May 31, 2014 through and including April 7, 2016.  Please be sure to include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 10, above.  Do not include information regarding securities other than Clovis common stock in this section.

| **1. HOLDINGS AS OF MAY 30, 2014** – State the total number of shares of Clovis common stock held as of the close of trading on May 30, 2014.  (Must be documented.)  If none, write "zero" or "0."  _____ | Confirm Proof of Position  Enclosed |
|---|---|

**2. PURCHASES/ACQUISITIONS FROM MAY 31, 2014 THROUGH APRIL 7, 2016** – Separately list each and every purchase/acquisition (including free receipts) of Clovis common stock from May 31, 2014 through and including the close of trading on April 7, 2016.  (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Purchase/Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchase Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |

| **3. SALES FROM MAY 31, 2014 THROUGH APRIL 7, 2016** – Separately list each and every sale/disposition (including free deliveries) of Clovis common stock from May 31, 2014 through and including the close of trading on April 7, 2016. (Must be documented.) | **IF NONE, CHECK HERE** ○ |
|---|---|

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |

| **4. HOLDINGS AS OF APRIL 7, 2016** – State the total number of shares of Clovis common stock held as of the close of trading on April 7, 2016.  (Must be documented.)  If none, write "zero" or "0."  _____ | Confirm Proof of Position Enclosed ○ |
|---|---|

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT.  PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON**

**EACH ADDITIONAL PAGE.  IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX**

## PART IV– SCHEDULE OF TRANSACTIONS IN CLOVIS CALL OPTIONS

Complete this Part IV if and only if you purchased or otherwise acquired exchange traded call options on Clovis common stock ("Clovis Call Options") during the period from May 31, 2014 through and including April 7, 2016.  Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 10, above.  Do not include information regarding securities other than Clovis Call Options in this section.

| **1. HOLDINGS AS OF MAY 30, 2014** – Separately list all positions in Clovis Call Option contracts in which you had an open interest as of the close of trading on May 30, 2014. (Must be documented.) | | **IF NONE, CHECK HERE** ○ |
|---|---|---|
| Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/Year) | Number of Call Option Contracts in Which You Had an Open Interest |
| $ | /    / | |
| $ | /    / | |
| $ | /    / | |
| $ | /    / | |

**2. PURCHASES/ACQUISITIONS FROM MAY 31, 2014 THROUGH APRIL 7, 2016** – Separately list each and every purchase and acquisition (including free receipts) of Clovis Call Options contracts from May 31, 2014 through and including the close of trading on April 7, 2016. (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/ Year) | Number of Call Option Contracts Purchased/ Acquired | Purchase/ Acquisition Price Per Call Option Contract | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Insert an "E" if Exercised Insert an "X" if Expired | Exercise Date (Month/ Day/ Year) |
|---|---|---|---|---|---|---|---|
| /    / | $ | /    / | | $ | $ | | /   / |
| /    / | $ | /    / | | $ | $ | | /   / |
| /    / | $ | /    / | | $ | $ | | /   / |
| /    / | $ | /    / | | $ | $ | | /   / |

| 3.  SALES FROM MAY 31, 2014 THROUGH APRIL 7, 2016 – Separately list each and every sale or disposition (including free deliveries) of Clovis Call Options contracts from May 31, 2014 through and including the close of trading on April 7, 2016. (Must be documented.) | | | | | IF NONE, CHECK HERE ◯ |
|---|---|---|---|---|---|
| Date of Sale (List Chronologically) (Month/Day/Year) | Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/Year) | Number of Call Option Contracts Sold | Sale Price Per Call Option Contract | Total Sale Price (excluding taxes, commissions, and fees) |
| /    / | $ | /    / | | $ | $ |
| /    / | $ | /    / | | $ | $ |
| /    / | $ | /    / | | $ | $ |
| /    / | $ | /    / | | $ | $ |

| 4.  HOLDINGS AS OF APRIL 7, 2016 – Separately list all positions in Clovis Call Option contracts in which you had an open interest as of the close of trading on April 7, 2016.  (Must be documented.) | | IF NONE, CHECK HERE ◯ |
|---|---|---|
| Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/Year) | Number of Call Option Contracts in Which You Had an Open Interest |
| $ | /    / | |
| $ | /    / | |
| $ | /    / | |
| $ | /    / | |

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS/HOLDINGS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐
**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL NOT BE REVIEWED**

## PART V – SCHEDULE OF TRANSACTIONS IN CLOVIS PUT OPTIONS

Complete this Part V if and only if you sold (wrote) exchange traded put options on Clovis common stock ("Clovis Put Options") during the period from May 31, 2014 through and including April 7, 2016.  Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 10, above.  Do not include information regarding securities other than Clovis Put Options in this section.

| 1.  HOLDINGS AS OF MAY 30, 2014 – Separately list all positions in Clovis Put Option contracts in which you had an open interest as of the close of trading on May 30, 2014.  (Must be documented.) | | IF NONE, CHECK HERE ⭕ |
|---|---|---|
| Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/Day/Year) | Number of Put Option Contracts in Which You Had an Open Interest |
| $ | /    / | |
| $ | /    / | |
| $ | /    / | |
| $ | /    / | |

**2.  SALES (WRITING) FROM MAY 31, 2014 THROUGH APRIL 7, 2016** – Separately list each and every sale (writing) (including free deliveries) of Clovis Put Options contracts from May 31, 2014 through and including the close of trading on April 7, 2016. (Must be documented.)

| Date of Sale (Writing) (List Chronologically) (Month/Day/Year) | Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/Day/Year) | Number of Put Option Contracts Sold (Written) | Sale Price Per Put Option Contract | Total Sale Price (excluding taxes, commissions, and fees) | Insert an "E" if Exercised  Insert an "X" if Expired | Exercise Date (Month/Day/Year) |
|---|---|---|---|---|---|---|---|
| /    / | $ | /    / | | $ | $ | | /    / |
| /    / | $ | /    / | | $ | $ | | /    / |
| /    / | $ | /    / | | $ | $ | | /    / |
| /    / | $ | /    / | | $ | $ | | /    / |

| 3.  PURCHASES/ACQUISITIONS FROM MAY 31, 2014 THROUGH APRIL 7, 2016 – Separately list each and every purchase and acquisition (including free receipts) of Clovis Put Options contacts from May 31, 2014 through and including the close of trading on April 7, 2016. (Must be documented.) | IF NONE, CHECK HERE ⭕ |
|---|---|

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/Day/Year) | Number of Put Option Contracts Purchased/ Acquired | Purchase/ Acquisition Price Per Put Option Contract | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) |
|---|---|---|---|---|---|
| /    / | $ | /    / | | $ | $ |
| /    / | $ | /    / | | $ | $ |
| /    / | $ | /    / | | $ | $ |
| /    / | $ | /    / | | $ | $ |

| 4. **HOLDINGS AS OF APRIL 7, 2016** – Separately list all positions in Clovis Put Option contracts in which you had an open interest as of the close of trading on April 7, 2016. (Must be documented.) | **IF NONE, CHECK HERE** ○ |
|---|---|

| Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/Day/Year) | Number of Put Option Contracts in Which You Had an Open Interest |
|---|---|---|
| $ | /    / | |
| $ | /    / | |
| $ | /    / | |
| $ | /    / | |

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS/HOLDINGS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐
**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL NOT BE REVIEWED**

## PART VI - RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE [___]
OF THIS CLAIM FORM.**

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by
anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves), and, to extent any of
the following persons or entities can assert a claim in my (our) name or on my (our) behalf, on behalf of (as
applicable) my (our) agents, representatives, attorneys, advisors, administrators, accountants, consultants,
assigns, assignees, partners, successors-in-interest, insurance carriers and reinsurers, current and former
officers, directors, officials, auditors, parents, affiliates, subsidiaries, successors, predecessors, employees,
fiduciaries, service providers and investment bankers, estates, heirs, executors, beneficiaries, trusts and trustees,
each in their respective capacities as such, shall be deemed to have, and by operation of law and of the judgment
shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and
discharged each and every Released Plaintiff's Claim against the Defendants and the other Defendants'
Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiff's
Claims against any of the Defendants' Releasees.

## CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s)
agree(s) to the release above and certifies (certify) as follows:

     1.     that I (we) have read and understand the contents of the Notice and this Claim Form, including
the releases provided for in the Settlement and the terms of the Plan of Allocation;

     2.     that the claimant(s) is a (are) Settlement Class Member(s), as defined in the Notice, and is (are)
not excluded by definition from the Settlement Class as set forth in the Notice;

     3.     that the claimant has **not** submitted a request for exclusion from the Settlement Class;

     4.     that I (we) owned the Clovis Securities identified in the Claim Form and have not assigned the
claim against any of the Defendants or any of the other Defendants' Releasees to another, or that, in signing
and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

     5.     that the claimant(s) has (have) not submitted any other claim covering the same purchases or
sales of Clovis Securities and knows (know) of no other person having done so on the claimant's (claimants')
behalf;

     6.     that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's
(claimants') claim and for purposes of enforcing the releases set forth herein;

     7.     that I (we) agree to furnish such additional information with respect to this Claim Form as Lead
Counsel, the Claims Administrator or the Court may require;

     8.     that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the
Court's summary disposition of the determination of the validity or amount of the claim made by this Claim
Form;

     9.     that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any
judgment(s) that may be entered in the Action; and

10.     that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the claimant(s) is (are) exempt from backup withholding or (b) the claimant(s) has (have) not been notified by the IRS that he/she/it is subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the claimant(s) that he/she/it is no longer subject to backup withholding.  **If the IRS has notified the claimant(s) that he/she/it is subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.


_____

Signature of claimant                                                                            Date


_____

Print your name here


_____

Signature of joint claimant, if any                                                       Date


_____

Print your name here


*If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:*


_____

Signature of person signing on behalf of claimant                             Date


_____

Print your name here


_____

Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc.  (Must provide evidence of authority to act on behalf of claimant – see paragraph 8 on page [___] of this Claim Form.)

## REMINDER CHECKLIST:

1. Please sign the above release and certification. If this Claim Form is being made on behalf of joint claimants, then both must sign.

2. Remember to attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

3. Please do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and documentation for your own records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days. Your claim is not deemed filed until you receive an acknowledgement postcard. **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at 1-888-697-8556.**

6. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, please send the Claims Administrator written notification of your new address. If you change your name, please inform the Claims Administrator.

7. If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the address below, by email at info@ClovisSecuritiesLitigation.com, or by toll-free phone at (844) 308-6864, or you may visit www.ClovisSecuritiesLitigation.com. Please DO NOT call Clovis or any of the other Defendants or their counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, **POSTMARKED NO LATER THAN _____, 2017**, ADDRESSED AS FOLLOWS:

Clovis Securities Litigation
c/o Epiq Systems
PO Box 3127
Portland, OR 97208-3127

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before _____, 2017 is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms. Please be patient and notify the Claims Administrator of any change of address.

#1088586

# EXHIBIT 3

**Exhibit 3**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-02546-RM-MEH
Consolidated with Civil Action Nos. 15-cv-02547-RM-MEH,
15-cv-02697-RM-MEH, and 16-cv-00459-RM-MEH

SONNY P. MEDINA, *et al.*,

      Plaintiffs,

v.

CLOVIS ONCOLOGY, INC., *et al.*,

      Defendants.

_____

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

_____

**TO:**   **All persons and entities who or which (i) purchased or otherwise acquired the common stock of Clovis Oncology, Inc. ("Clovis") and/or (ii) purchased or otherwise acquired exchange traded call options on Clovis common stock and/or sold/wrote exchange traded put options on Clovis common stock, between May 31, 2014 and April 7, 2017, inclusive (the "Settlement Class Period"), and were damaged thereby (the "Settlement Class").**

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

      YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of Colorado, that the above-captioned litigation (the "Action") has been certified as a class action on behalf of the Settlement Class, except for certain persons and entities who are excluded from the Settlement Class by definition as set forth in the full printed Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that Lead Plaintiff in the Action, on behalf of itself and the other members of the Settlement Class, has reached a proposed settlement of the Action for $142 million, with $25 million paid in cash and $117 million paid in shares of Clovis common stock (the "Settlement"). If approved by the Court, the Settlement will resolve all claims in the Action.

A hearing will be held on _____, 2017 at __:__ _.m., before the Honorable Raymond P. Moore at the United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, Courtroom A601, 901 19th Street, Denver, Colorado 80294, to determine, among other things, (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice and the Releases specified and described in the Stipulation and Agreement of Settlement dated June 18, 2017 (and in the Notice) should be granted; (iii) whether the terms and conditions of the issuance of the Settlement Shares pursuant to an exemption from registration requirements under Section 3(a)(10) of the Securities Act of 1933, as amended, are fair to all persons and entities to whom the shares will be issued; (iv) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (v) whether Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses should be approved.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund**. If you have not yet received the Notice and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at Clovis Securities Litigation, c/o Epiq Systems, PO Box 3127, Portland, OR 97208-3127; by toll-free phone at 1-888-697-8556; or by email at info@ClovisSecuritiesLitigation.com. Copies of the Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator, www.ClovisSecuritiesLitigation.com.

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form *postmarked* no later than _____, 2017. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received* no later than _____, 2017, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of expenses, must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are *received* no later than _____, 2017, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, Clovis, any of the other Defendants, or their counsel regarding this notice. All questions about this notice, the proposed**

**Settlement, or your eligibility to participate in the Settlement should be directed to the Claims Administrator or Lead Counsel.**

Requests for the Notice and Claim Form should be made to:

Clovis Securities Litigation
c/o Epiq Systems
PO Box 3127
Portland, OR 97208-3127
1-888-697-8556
info@ClovisSecuritiesLitigation.com
www.ClovisSecuritiesLitigation.com

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

John C. Browne, Esq.
BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP
1251 Avenue of the Americas, 44th Floor
New York, NY 10020
1-800-380-8496

By Order of the Court

# 1085568