**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:15-cv-02546-RM-MEH
Consolidated with Civil Action Nos. 15-cv-02547-RM-MEH,
15-cv-02697-RM-MEH, and 16-cv-00459-RM-MEH

SONNY P. MEDINA, *et al.,*

    Plaintiffs,

v.

CLOVIS ONCOLOGY, INC., *et al.,*

    Defendants.

_____

**JUDGMENT APPROVING CLASS ACTION SETTLEMENT**
_____

WHEREAS, a consolidated class action, which includes the Kimbro Action, the Moran Action, and the Rocco Action, is pending in this Court entitled *Medina v. Clovis Oncology, Inc., et al.*, Civil Action No. 1:15-cv-2546 (the "Action");

WHEREAS, (a) M.Arkin (1999) LTD and Arkin Communications LTD (collectively, "Lead Plaintiff"), on behalf of itself and the Settlement Class (defined below), and (b) defendant Clovis Oncology, Inc. ("Clovis" or the "Company") and defendants Patrick J. Mahaffy, Erle T. Mast, Andrew Allen, and Gillian Ivers-Read (collectively, the "Officer Defendants" and, together with Clovis, the "Settling Defendants"; and, together with Lead Plaintiff, the "Parties") have entered into a Stipulation and Agreement of Settlement, dated June 18, 2017 (Dkt. No. 156-1), as amended (Dkt. No. 170-1) (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated July 14, 2017 (Dkt. No. 160) (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the Settlement Class solely for purposes of effectuating the Settlement; (c) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, no objections to the Settlement were received;

WHEREAS, the Court conducted a hearing on October 26, 2017 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; (b) whether a judgment should be entered dismissing with prejudice the claims asserted against Defendants in the Action; and (c) whether the terms and conditions of the issuance of the Settlement Shares pursuant to an exemption from registration requirements under Section 3(a)(10) of the Securities Act of 1933, § 15 U.S.C. 77c(a)(1), as amended (the "Securities Act") are fair to all persons and entities to whom the shares will be issued; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action and all matters relating to the Settlement, as well as personal jurisdiction over Lead Plaintiff, each of the other Settlement Class Members, and Defendants.

2. **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on June 22, 2017, as amended; and (b) the Notice and the Summary Notice, both of which were filed with the Court on September 21, 2017.

3. **Class Certification for Settlement Purposes** – The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class, consisting of all persons and entities who or which (i) purchased or otherwise acquired Clovis common stock and/or (ii) purchased or otherwise acquired exchange traded call options on Clovis common stock and/or sold/wrote exchange traded put options on Clovis common stock during the period between May 31, 2014 and April 7, 2016, inclusive (the "Settlement Class Period"), and who were damaged thereby. Excluded from the Settlement Class are the Defendants; the affiliates and subsidiaries of: Clovis, the Underwriter Defendants, and the Venture Capital Entity Defendants; the Officers, directors, and partners of: Clovis, the Underwriter Defendants, and the Venture Capital Entity Defendants during the Settlement Class Period; members of the Immediate Family of any excluded person; the legal representatives, heirs, successors, and assigns of any excluded person or entity; and any entity in which any excluded person or entity has or had, during the Settlement Class Period, a controlling interest; provided, however, that any Investment Vehicle shall not be deemed an

excluded person or entity by definition. Also excluded from the Settlement Class are the persons and entities listed on Exhibit 1 hereto who or which are excluded from the Settlement Class pursuant to request.

4. **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Lead Plaintiff as Class Representative for the Settlement Class and appointing Lead Counsel as Class Counsel for the Settlement Class. Lead Plaintiff and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5. **Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United

States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1(a)(7), as amended, 15 U.S.C. §§ 78u-4(a)(7), as amended, and all other applicable law and rules.

6.  **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class.  The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7.  The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiff and the other Settlement Class Members are hereby dismissed with prejudice.  The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8.  **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiff, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.  The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.

9.     **Releases** – The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a)     Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves, and, to extent any of the following persons or entities can assert a claim in the name of or on behalf of the Settlement Class Member, on behalf of (as applicable) their agents, representatives, attorneys, advisors, administrators, accountants, consultants, assigns, assignees, partners, successors-in-interest, insurance carriers and reinsurers, current and former officers, directors, officials, auditors, parents, affiliates, subsidiaries, successors, predecessors, employees, fiduciaries, service providers and investment bankers, estates, heirs, executors, beneficiaries, trusts and trustees, each in their respective capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiff's Claim against all Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiff's Claims against any of the Defendants' Releasees. This Release shall not apply to any of the Excluded Plaintiffs' Claims.

(b)     Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date, Defendants, on behalf of themselves, and, to extent any of the following persons or entities can assert a claim in the name of or on behalf of the Defendant, on behalf of (as applicable) their agents, representatives, attorneys, advisors, administrators, accountants,

consultants, assigns, assignees, partners, successors-in-interest, insurance carriers and reinsurers, current and former officers, directors, officials, auditors, parents, affiliates, subsidiaries, successors, predecessors, employees, fiduciaries, service providers and investment bankers, estates, heirs, executors, beneficiaries, trusts and trustees, each in their respective capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim against Lead Plaintiff and the other Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees. This Release shall not apply to any of the Excluded Defendants' Claims.

10. Notwithstanding paragraphs 9(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

11. **Settlement Shares** – The Court, after holding the Settlement Hearing, hereby finds that: (i) the Settlement Shares are to be issued solely in exchange for bona fide outstanding claims; (ii) all persons and entities to whom the Settlement Shares will be issued have had the right to appear at the Settlement Hearing; (iii) the Settlement Hearing was open to all persons and entities to whom the Settlement Shares will be issued; (iv) adequate notice has been given to all persons and entities to whom the Settlement Shares will be issued, and there have been no improper impediments to the appearance of such persons and entities at the Settlement Hearing; and (v) the terms and conditions of the issuance of the Settlement Shares pursuant to the terms of the Stipulation are fair to all persons and entities to whom the Settlement Shares will be issued. The Court hereby acknowledges that it was advised prior to the Settlement Hearing that the

Settlement Shares will be issued pursuant to the terms of the Stipulation to the Settlement Class (and to Lead Counsel, as may be awarded by the Court) pursuant to the exemption from registration provided by Section 3(a)(10) of the Securities Act, based on this Court's approval of the Settlement. The Court hereby approves the terms and conditions of the issuance of the Settlement Shares in exchange for the settlement and release of the claims asserted in the Action, and finds that the Settlement Shares are freely tradable and exempt from registration under Section 3(a)(10) of the Securities Act and any analogous provisions of applicable state securities laws. Based upon the Court's findings, Clovis may distribute the Settlement Shares without registration or compliance with the prospectus delivery requirements of the U.S. securities laws or any analogous state securities laws.

12. At any time after the issuance and delivery of the Class Settlement Shares to Lead Counsel's designee pursuant to the terms of the Stipulation, Lead Counsel shall have the option, in its sole discretion, to sell all or any portion of the Class Settlement Shares on behalf of the Settlement Class pursuant to the exemption from registration requirements of the Securities Act provided by Section 3(a)(10) of the Securities Act, which exemption shall also remain applicable to and not otherwise limit or invalidate the initial issuance of the Settlement Shares to Lead Counsel's designee pursuant to the exemption from the registration requirements of the Securities Act provided by Section 3(a)(10) of the Securities Act. To the extent that any sale of the Class Settlement Shares occurs, the cash proceeds of such sale, less any associated costs and expenses incurred by Lead Counsel or the Settlement Class in connection with such sale, shall be deposited in the Escrow Account and held in escrow under the control of Lead Counsel for the benefit of the Settlement Class pending distribution in accordance with the terms of the Stipulation.

13.     **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

14.     **No Admissions** – Neither this Order, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation, including, to the extent applicable, to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

(b) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation, including, to the extent applicable, to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim; or

(c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; provided, however, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

15. **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) Lead Plaintiff, each of the other Settlement Class Members, and Defendants for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to

approve the Plan of Allocation or any other plan of allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

16. Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date.

17. **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiff and the Settling Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Lead Plaintiff and the Settling Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

18. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date otherwise fails to occur, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiff, the other Settlement Class Members and Defendants, and Lead Plaintiff and Defendants shall revert to their respective positions in the Action as of immediately prior to the execution of the Stipulation, as provided in the Stipulation.

**SO ORDERED.**

Dated this 26th day of October, 2017.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

**Exhibit 1**

**List of Persons and Entities Excluded from the Settlement Class Pursuant to Request**

1. Antipodean Domestic Partners, LP
   Antipodean Advisors LLC
   New York, NY

2. Amy Brown
   Lakewood, CO

3. Rex E. Clinker
   Estero, FL

4. Azadeh Nolan
   Los Gatos, CA