**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:15-cv-02546-RM-MEH
Consolidated with Civil Action Nos. 15-cv-02547-RM-MEH,
15-cv-02697-RM-MEH, and 16-cv-00459-RM-MEH

SONNY P. MEDINA, *et al.,*

    Plaintiffs,

v.

CLOVIS ONCOLOGY, INC., *et al.,*

    Defendants.

---

**ORDER AWARDING ATTORNEYS' FEES
AND REIMBURSEMENT OF LITIGATION EXPENSES**

---

This matter came on for hearing on October 26, 2017 (the "Settlement Hearing") on Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. The Court having considered all matters submitted and representations made to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all Settlement Class Members who could be identified with reasonable effort, and that a summary notice of the hearing substantially in the form approved by the Court was published in the *Wall Street Journal* and was transmitted over the *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and Litigation Expenses requested,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement, dated June 18, 2017 (Dkt. No. 156-1), as amended (Dkt. No. 170-1) (the "Stipulation"), and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all parties to the Action, including all Settlement Class Members.

3. Notice of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion for an award of attorneys' fees and reimbursement of Litigation Expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1(a)(7), as amended, 15 U.S.C. §§ 78u-4(a)(7), as amended, and all other applicable law and rules; constituted the best notice practicable under the circumstances; and constituted due, adequate, and sufficient notice to all persons and entities entitled thereto.

4. Plaintiffs' Counsel are hereby awarded attorneys' fees in the amount of 22.5% of the Settlement Fund (net of total Court-awarded Litigation Expenses), which sum the Court finds to be fair and reasonable. Plaintiffs' Counsel are also hereby awarded $427,133.68 in reimbursement of Plaintiffs' Counsel's Litigation Expenses to be paid from the Cash Settlement Fund, which sum the Court finds to be fair and reasonable.

5. Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which it, in good faith, believes reflects the contributions of such counsel to

the institution, prosecution, and settlement of the Action. Subject to and in accordance with the terms of the Stipulation, as amended, in the event that Lead Counsel chooses to sell the Settlement Shares, it shall be required to liquidate together all shares of Clovis common stock (*i.e.*, both the Settlement Shares attributable to the Settlement Class and those attributable to Plaintiffs' Counsel's Court-awarded attorneys' fees), and once all of the Settlement Shares are liquidated, Plaintiffs' Counsel may collect their share of the Court-awarded fees from the net cash proceeds received from the sale of the entire lot of shares.

6. In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a) The Settlement has created a fund of $142,000,000, consisting of $25,000,000 in cash and $117,000,000 in shares of Clovis common stock, and that numerous Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Plaintiffs' Counsel;

(b) The fee sought by Lead Counsel has been reviewed and approved as reasonable by Lead Plaintiff, an institutional investor that oversaw the prosecution and resolution of the Action;

(c) Over 53,900 copies of the Notice were mailed to potential Settlement Class Members and nominees stating that Lead Counsel would apply for attorneys' fees in an amount not to exceed 22.5% of the Settlement Fund and Litigation Expenses in an amount not to exceed $900,000, and there were no objections to the requested attorneys' fees and expenses;

(d) Lead Counsel has conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

   (e)  The Action raised a number of complex issues;

   (f)  Had Lead Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiff and the other members of the Settlement Class may have recovered less or nothing from Defendants;

   (g)  Plaintiffs' Counsel devoted over 23,500 hours, with a lodestar value of approximately $10,654,600, to achieve the Settlement; and

   (h)  The amount of attorneys' fees awarded and Litigation Expenses to be paid from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

  7.  Lead Plaintiff M.Arkin (1999) LTD and Arkin Communications LTD is hereby awarded $33,300.00 from the Cash Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Settlement Class.

  8.  Named Plaintiff City of St. Petersburg Employees' Retirement System is hereby awarded $9,900.00 from the Cash Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Settlement Class.

  9.  Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expenses application shall in no way disturb or affect the finality of the Judgment.

  10.  Exclusive jurisdiction is hereby retained over the parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order.

5

11.     In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

**SO ORDERED.**

Dated this 26th day of October, 2017.

BY THE COURT:

_____

RAYMOND P. MOORE
United States District Judge